## SUPREME COURT.

ABEL CROOK, receiver, &c., agt. HELEN FINDLEY and JOHN C. WINTERS.

*Receiver — supplementary proceedings — payment of judgment by debtor does not ipso facto discharge receiver.*

The payment of a judgment by the debtor, after the appointment of a receiver in supplementary proceedings, does not *ipso facto* discharge the receiver. The receiver may have a claim for expenses incurred in the exercise of his authority, which may be required to be paid before the property held by him can be taken out of his possession.

*Special Term December*, 1880.

MOTION to restrain a receiver appointed by the marine court from selling cartain market stands, upon the ground, among others, that the judgment in the action in which the receiver had been appointed in supplementary proceedings had been satisfied.

*Wm. H. Secor*, for Mrs. Findley.

*E. Yenni*, for debtor, A. C. Davis.

*Chauncey Shaffer*, for Receiver.

DANIELS, *J.*— The payment of the amount imposed upon Winters as judgment debtor, for his disobedience of the order of the marine court and his interference with the property

Crook agt. Findley.

included in the receivership, does not, of course, entitle himself or the defendant Findley to a stay of the receiver's proceedings. For he shows that he has claims for expenses incurred in the exercise of his authority which may still be required to be paid before the debtor, or the property claimed to be owned by him, can be taken out of the receiver's possession. Whether all the lawful demands which he may be warranted in asserting have been satisfied, and the receiver's authority for that reason has come to an end, is a subject over which the marine court which appointed the receiver would seem to have the appropriate jurisdiction. To that tribunal the application to be relieved from the further exercise of his authority should properly be made. The interest in the property which the receiver has advertised for sale is that only of the judgment debtor, and it is stated to be " the·right, title and interest of John C. Winters and John Arcularius, in and to the market stands, fixtures and permits." If the defendant Findley owns or has any interest in that property, it is not included nor proposed to be sold by this notice. She can in no way be injured by the sale of the title of these other persons and for that reason has no interest in delaying or preventing it. The proceeding can in no way whatever affect her, and for that reason her present application cannot be allowed to succeed, even if it can ·be regularly heard here. Then the property appears to be of that peculiar nature as renders a sale of it proper to avoid a complete consumption of its value by the accumulating expenses resulting from its present condition. It is perishable, as it appears at present to be, and should be converted into money, and the proceeds to be held subject to the result of the present contest concerning the title. If the bond of the receiver should be enlarged, the marine court is the proper tribunal to direct that to be done. The motion now before this court will be denied.

On a motion subsequently made in the marine court, under the suggestion contained in the preceding opinion: "1. To cancel the judgment of record; and 2. To discharge the

receivership." McADAM, J., held: " 1. That the payment of the judgment to the sheriff (as part of the debtor's fine for contempt), and the return by that officer, indorsed upon the warrant of commitment, to the clerk of the marine court, accompanied by the money collected, operated as a valid payment of the judgment, and that the defendant was entitled, as of course, to have the same satisfied of record.   2. That such satisfaction was not *ipso facto* a discharge of the receivership, although it, like the discontinuance of an action, put an end to the litigation (2 *Barb. Chy.*, 471), and entitle the debtor to an order discharging the receiver from his trust upon payment of his lawful charges (2 *Daniel's Chy. Pr.* [*4th ed.*], 1764). 3. That until formally discharged the receiver holds title, as before, to any property in his hand, his possession being that of the court.   4. The receiver was thereupon directed to discontinue two actions which were pending, to the end that his accounts might be passed, his fees taxed, the receivership closed and the property returned (*See* 12 *Hun*, 585, *and cases cited*)."