### WARREN, administrator, *vs.* BUNCH *et al.*

1. A summary hearing before the chancellor in vacation may, in the exercise of his discretion, be reopened for more evidence.
2. Affidavits, though taken *ex parte*, whether previously filed in the cause or not, may be considered on a motion to dispose of property remaining in the hands of a receiver after the bill has been dismissed.
3. Property left in the hands of a receiver after the bill has been dismissed for want of jurisdiction, ought to be restored to the party from whom the receiver took it, though the opposite party may have a just and legal claim to the possession by reason of having purchased and been put in possession before the bill was filed. With this claim, however well-founded, the receiver has no concern.
4. The chancellor was warranted by the evidence, both that in the record proper and that received after the hearing was re-opened, in passing the order to restore the land to the complainants in the bill, and to pay to them the overplus of rents in the receiver's hands. Insolvency of the complainants furnished no ground for withholding from them this overplus.

November 29, 1887.

Practice in superior court. Receivers. Equity. Insolvency. Before Judge RONEY. Columbia superior court. March term, 1887.

Before the bill was filed, the sheriff twice sold and the defendant twice bought the land in controversy as the property of one of the complainants, first under a mortgage *fi. fa.*, and then under a general *fi. fa.*, and the sheriff made an effort to put him in possession, but did not completely dispossess the complainants, and they, as the facts indicate, pushed the defendant entirely out. Pending the bill, a receiver, appointed at the instance of the defendant, took possession of the land and rented out the same. The bill was dismissed on demurrer for want of jurisdiction over the person of the defendant. See *Caswell vs. Bunch*, 77 *Ga.* 504. On moving to enter the *remittitur*, the defendant moved for an order to have the land turned over to him as a purchaser thereof at sheriff's sale, he contend-

Warren, administrator, *vs.* Bunch *et al.*

ing that the sheriff had put him into possession under that purchase. The *remittitur* was entered, and the motion as to disposing of the property was set down for hearing on a named day in vacation. It was heard accordingly, but no decision was that day rendered. On the following day, the complainants gave notice of a motion to reopen the hear-ing in order to introduce certain affidavits. The motion to reopen was made accordingly, the hearing was reopened and the affidavits admitted, the defendant's counsel object-ing. The motion of defendant that the receiver be ordered to turn the property over to him was denied, and the chan-cellor ordered that it be re-delivered to the complainants (from whom the receiver, as the chancellor held, took it), that the tenant under the receiver attorn to them, and that the balance of rents in the receiver's hands, after paying expenses and certain costs, be paid to complainants.

Defendant excepted, alleging, 1st, want of power to or-der the property into any custody but his, the bill being dismissed; 2d, want of power to reopen the hearing; 3d, inadmissibility of the affidavits because taken *ex parte,* no part of the record, and not marked as filed; 4th, error in holding that the complainants were in possession at the filing of the bill, and that the receiver took from them; 5th, error in ordering possession to be surrendered to com-plainants, and not determining who was lawfully entitled to possession; 6th, error in ordering the overplus of rents paid to complainants, they being conceded to be insolvent; 7th, error in deciding contrary to evidence, justice and equity.

FRANK H. MILLER and WM. K. MILLER, for plaintiff in error.

SALEM DUTCHER and C. H. COHEN, *contra.*

BLECKLEY, Chief Justice, (after stating the above facts.)

1. A summary hearing before the chancellor in vacation may, in the exercise of his discretion, be reopened for more

evidence.  Why not? He sits as chancellor to determine matter pending before him in chambers, and if he lacks information upon it, why may he not allow either or both parties to introduce more evidence? By stopping the hearing at a particular point, he does not cut himself off from hearing more.  The general rule is, that a court of chancery is always open, (code, §4222,) and we suppose that may apply to the chancellor when sitting to determine a matter of fact, or of mixed law and fact, in chambers.

2. What was to be be determined was the disposition to be made of the property in the hands of the receiver. How could the chancellor know what to do with it, except by evidence, including affidavits? It was competent to receive *ex parte* affidavits, whether they had been previously filed in the cause or not. Either party offering them had a right to offer, if it was in time, and as long as the chancellor held the question open, it was in time.  There seems to have been no error in receiving or considering the affidavits.

3. Property left in the hands of a receiver after the bill has been dismissed for want of jurisdiction ought to be restored to whom? To the party from whom the receiver took it.  That is about the least that anybody can do upon a bill that was filed without jurisdiction—to let matters go back in the state in which they were when the unfortunate bill commenced.  It would seem to make no difference that the opposite party had good claim of right to the possession.  He ought to be left to litigate that thing, and not get the possession upon a bill that was entertained without jurisdiction, and that too after it has been dismissed.

4. The chancellor was warranted by the evidence, both that in the record proper and that received after the hearing was reopened, in passing the order to restore the land to the complainants in the bill.  The record proper is rather more decisive than the subsequent affidavits, as to the fact that the complainants were the persons from

whom the receiver took possession. If we go by either or both, it is almost absolutely certain that the complainants, and not the defendant, had possession at the time the receiver assumed it. The rents that accrued while the receiver was in possession ought of course to be paid to those who would have had the rents if he had not interfered;. and in this instance the complainants were the persons that, so far as appears, would have had them. It certainly can make no difference that the complainants are insolvent, because whether insolvent or not, they are entitled to these rents if they were the persons who would have had them in the absence of any interference by the receiver. So we see no error in what was done by the chancellor on any point in the case.

Judgment affirmed.