CONQUEST & CO. *v.* NATIONAL BANK OF BRUNSWICK *et al.*

1. Where, by a consent order, an equitable petition filed by several plaintiffs, for injunction and the appointment of a receiver, was dismissed, the receiver discharged, and thereafter the property in his hands was restored to the defendants in the petition, the effect of the order of dismissal was to take the case entirely out of court and end the litigation between the parties.

2. Mere recitals in the order of dismissal, to the effect that the defendants had satisfied all obligations against them in the petition set out, except the amounts due one of the plaintiffs upon certain promissory notes therein described "which amounts are hereafter to be satisfied by the payment within a reasonable time, or additional securities given," did not amount to a final and conclusive decree in favor of this plaintiff against the defendants for the amounts apparently due upon such notes, and one who subsequently acquired title to the same, could not, upon the facts above recited, maintain an equitable petition for a reinstatement of the original case and the appointment of a receiver to again take charge of the defendants' property in order to administer the same for the purpose of realizing money with which to pay off these notes.

3. If such a petition could in any event be maintained, its prayers for relief of the nature above indicated should not be granted when the defendants not only tender a bond for the payment of any sum or sums which may be adjudged to be due by them upon the notes in question, but also offer to pay into court a sufficient amount in cash to satisfy any judgment which may be rendered against them thereon.

November 15, 1895.

Petition for injunction, etc. Before Judge Sweat. Ware county. August 1, 1895.

*C. C. Thomas* and *Garrard, Meldrim & Newman,* for plaintiffs in error. *Goodyear & Kay, L. A. Wilson* and *Symmes & Bennet,* contra.

LUMPKIN, Justice.

Fortunately, there is such a thing as a lawsuit's coming to an end. The case at hand is an instance in point.

The Merchants & Traders Bank and others filed an equitable petition against P. L. Conquest & Co., for an injunction and the appointment of a receiver. This case, under a consent order, was finally dismissed, the effect of the order of dismissal being to take the case entirely out of court and end the litigation between the parties. It is true that in the order of dismissal it was recited that the defendants had satisfied all the obligations against them in the petition set out, except the amounts due one W. P. Lee upon certain promissory notes, "which amounts are hereafter to be satisfied by payment within a reasonable time, or additional security given"; but this mere recital certainly did not amount to an adjudication in favor of Lee against the defendants, Conquest & Co., for the amounts apparently due on the notes to which it referred. In fact, so far as concerned Lee and Conquest & Co., nothing was adjudicated except that the case be dismissed as to the latter, upon the payment by them of all costs accrued up to the day of dismissal. The petition was retained in court solely for the purpose of adjusting a controversy between the counsel as to the distribution of certain fees, as to which matter none of the parties to the record had any interest or concern.

The Lee notes afterwards passed into the hands of the National Bank of Brunswick, and it filed a petition praying for a reinstatement of the original case and the appointment of a receiver to again take charge of the property of Conquest & Co., in order to administer the same with a view to realizing money with which to pay off these notes. Upon this petition the judge granted an order "for a renewal or reinstatement" of the original case, and also appointed a receiver, as prayed.

There is no law, rule of practice, or precedent, of which

we have any knowledge, which authorized the granting of such an order. The original case was completely dead, and this method of resurrection was entirely without authority of law. But if, in any event, the petition of the bank was maintainable, the order should not have been passed in the face of a tender on the part of Conquest & Co. of a bond conditioned for the payment of any sum or sums which might be due by them upon the notes in question, accompanied by an offer to pay into court a sufficient amount in cash to satisfy any judgment which the bank might obtain against them upon these notes. The record shows that such a tender and such an offer were in fact made; and even if the bank's petition had been such as to give it a standing in court, the business of the defendants ought not to have been broken up when they were ready to do everything necessary to fully protect the bank as to all its alleged rights in the premises.

*Judgment reversed.*