## FOUNTAIN *et al. v.* MILLS *et al.*

1. A plaintiff may dismiss his suit which is pending in any court of this State, either in term time or vacation, where some right of the defendant is not prejudiced thereby; but the dismissal by the plaintiff of an equitable proceeding in which a receiver to take charge of the assets of the defendant has been appointed, does not necessarily operate to discharge the receiver. He is an officer of the court; his possession of the assets of the defendant is possession by the court, and while in such a case the functions of the receiver, as between the parties, are ended, his custody of the assets in his hands continues subject to the order of the court.

2. Where in such case the holder of a lien, or other creditor of the defendant, before the receiver has been ordered to surrender the assets in his hands, makes a claim thereto, the judge may, notwithstanding the dismissal of the original suit, retain jurisdiction over the fund, under a proper petition of the creditor for such distribution as may be legal and equitable; but it is not good practice to order a reinstatement of the original case.

Argued May 22, — Decided June 8, 1900

Petition for injunction, etc. Before Judge Spence. Decatur superior court. April 2, 1900.

*A. H. Russell* and *M. E. O'Neal*, for plaintiffs in error.
*Bower & Bower*, contra.

LITTLE, J. Coombs & Company filed a petition against Fountain and E. Swindell & Company, in which, after making certain allegations, they prayed, among other things, for the appointment of a receiver to take charge of certain property of Fountain. After a hearing, Harrell was appointed receiver of such property. Subsequently the petition was dismissed by the plaintiffs and the cost paid. Thereafter, and before a discharge of the receiver had been ordered, Mills, for himself and as agent of others, filed a petition against O'Neal, Fountain, and Harrell, receiver, in the court where the receiver had been appointed, praying that the defendants turn over to them a certain sum of money. This petition was subsequently amended by incorporating a prayer that the case of Coombs & Company against Fountain and Swindell be reinstated, and that certain money in the hands of O'Neal be turned over to Harrell, receiver. The petitioner offered evidence of certain attachments and foreclosures of laborers' liens which had been levied upon the property of Fountain which was originally included in that of

which the receiver was ordered to take possession. Reference was made in the original petition to these attachments and foreclosures of laborers' liens, from the existence of which the plaintiffs therein alleged that a receiver should be appointed ; and in appointing the receiver the judge referred to the same and directed the receiver to pay them if he realized sufficient funds from the sale of the property. So that not only were the claims presented by Mills recognized by the plaintiffs at the time the bill was filed, but provision was made by the judge for their payment. On the hearing of the petition, O'Neal, one of the attorneys of Fountain, gave certain testimony which it is not material here to set out, other than that after the dismissal of the case against Fountain and Swindell the property in question was sold, and the proceeds went into his hands for the purpose of making certain settlements. On the hearing of the petition filed by Mills, the court ordered that the case of Coombs & Company against Fountain and Swindell & Company be reinstated, and that O'Neal be ordered to deposit the sum in his hands, subject to the draft of the receiver, until final adjudication on this petition was had. To this order Fountain and O'Neal excepted. It is contended by the plaintiff in error that the plaintiff had the legal right to dismiss his action either in vacation or term time; and it is further contended that, when this was done, necessarily the funds in the receiver's hands went to the party from whom they were taken.

There is no question that the plaintiff may dismiss his action in any court of this State, either in vacation or in term time, where some right of the defendant is not prejudiced by such dismissal (*Smith* v. *Smith*, 101 *Ga.* 298); but we can not assent to the proposition that on the dismissal of this action the funds necessarily went to Fountain, a defendant to the original petition, from whose estate they were realized, and which are now in the possession of Mr. O'Neal. For the proposition that such a disposition necessarily follows the dismissal, we are referred to the case of *Warren* v. *Bunch*, 80 *Ga.* 124. It will be noted, however, in that case, that the ruling was made on the principle that the court in which the petition was filed, and by which the receiver was appointed, had no jurisdiction. If it had not then all the proceedings taken were absolutely void,

and, being void, the parties must, upon the plain principles of equity, be restored as nearly as possible to their original status quo. The ruling in the case is, that property which has been left in the hands of a receiver after the bill has been dismissed for want of jurisdiction, ought to be restored to the party from whom the receiver took it. That case can have no bearing upon the question here raised. A receiver is the officer of the court, and the possession by a receiver of property belonging to the defendant is the possession of the court. In his work on Receivers, § 833, Mr. High states the rule to be, that the abatement of the action, or the entry of final judgment therein, does not have the effect of discharging the receiver, ipso facto; that, although as between the parties to the litigation the functions of the receiver have terminated with the determination of the suit, the receiver is still amenable to the court as its officer until he has complied with its direction as to the disposal of the funds which he has received during the course of his receivership. Mr. Beach in his work on Receivers, § 800, declares that the determination of the suit will not of itself discharge the receiver, but his functions must be terminated by a formal order of the court. In the case of Whiteside *v.* Prendergast, 31 Barb. Ch. 471, it was ruled by the Court of Chancery of the State of New York, that the discontinuance of a suit does not discharge a receiver appointed therein. To the same effect, also, see 60 How. Pr. 375. In the case of *Field* v. *Jones*, 11 *Ga.* 413, it was ruled, that on the dismissal of a bill the functions of a receiver who had been appointed ceased between the parties, but that his amenability continued to the court, and that the fund in his hands was subject to the order of the court, and would be returned to the party from whom it was taken, unless retained upon a claim properly made known and presented to the chancellor.

The rule laid down in 17 Enc. Pl. & Pr. 847, is that, "after final disposition of the pending suit, the discharge of the receiver is usually a matter of right; but where other interests than those of the *parties to the suit*, such as the interests of lienholders, or other creditors, have come into the litigation, a dismissal or other final determination of the cause will not preclude the court from taking any action, even to continuing the

receivership, if necessary to protect such interests." This rule is supported by numerous authorities cited in note 1 on page 848. The appointment of a receiver is a harsh remedy, and is not to be exercised by the court in any case, except where interests of creditors and others concerned can only be fully protected; but when exercised, the effect is that the court takes possession of the property of the defendant for the purpose of subserving these interests. The right of the defendant to settle, and of the plaintiff to dismiss his petition, is not to be abridged. With the exercise of these rights the court has but little concern; but neither the settlement by the defendant, nor the dismissal of his suit by the plaintiff, operates to discharge the receiver, or to take the fund in his hands out of the possession of the court. That can only be done by an order of the court, which will not be granted until it has been made satisfactorily to appear that the interests of the creditors of the defendant will not be prejudiced. In this case the plaintiff had a right to dismiss his suit. He did so. It did not operate to discharge the receiver, nor to make disposition of the property which the receiver was directed to take and sell. On the petition of certain creditors of Fountain, claiming to be lienholders and asking for the appropriation of the fund in the hands of the receiver, the court ordered the original case in which the receiver was appointed to be reinstated. This was error. *Conquest* v. *National Bank of Brunswick*, 97 *Ga.* 500. It was further ordered, however, that the fund arising from the sale of property which had been placed in the hands of the receiver, and which was at that time in the hands of Mr. O'Neal, attorney for one of the original defendants, be paid over to the receiver. In this it must be ruled that the court did not err. It had jurisdiction to make final disposition of that fund among the creditors and holders of liens against Fountain, notwithstanding the dismissal of the original bill; such disposition to be legally and equitably made under the petition filed by Mills and others, but not under the original bill.

*Judgment affirmed, with direction. All the Justices concurring, except Fish, J., absent.*