F. L. TAYLOR v. E. M. HUNT.

(Filed 12 December, 1956.)

**Master and Servant § 41—**

> Where an injured employee has accepted compensation under the Workmen's Compensation Act, no action instituted within six months from the date of the injury may be maintained in the name of the injured employee unless the complaint discloses that the action was instituted in the name of the employee by either the employer or the insurance carrier. G.S. 97-10.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *McKeithen, Special J.,* 28 May Special Term 1956 of MOORE.

This is a civil action instituted by the plaintiff on 23 January 1956 to recover for personal injuries sustained by him on 10 November 1955 when a motor vehicle operated by the defendant collided with a motor vehicle being operated by the plaintiff on Highway No. 109, near Denton, North Carolina.

The plaintiff, F. L. Taylor, at the time of the accident was president of the Troy Lumber Company, a North Carolina corporation, and the motor vehicle which he was operating belonged to the company and was being used on a business trip for the company. Plaintiff was covered by the provisions of the North Carolina Workmen's Compensation

Act at said time and the insurance carrier of the Troy Lumber Company has paid certain compensation for plaintiff's injuries.

The defendant, in answering the plaintiff's complaint, set up in his second further answer and defense, as a plea in bar, which in substance alleges that, since the plaintiff was covered by the provisions of the Workmen's Compensation Act and had accepted compensation thereunder, the carrier had the exclusive right under the Act to bring the action within six months from the date of the accident. Therefore, it is alleged, this action should be dismissed since it was instituted within six months of the date of the injury and there is nothing on the face of the complaint to indicate that it was instituted by the carrier in the name of the injured employee.

The plaintiff moved to strike all of the second further answer and defense. The motion was denied.

The plaintiff applied for a writ of *certiorari* pursuant to the provisions of Rule 4(a) of the Rules of Practice in the Supreme Court, 242 N.C. 766. We allowed the petition.

*David H. Armstrong for appellant.*
*W. D. Sabiston, Jr., for appellee.*

DENNY, J. The appellant states in his brief that the action was instituted with the knowledge, consent and approval of the insurance carrier. We construe this statement to be tantamount to an admission that the action was not instituted by the carrier in the name of the injured employee, as authorized by G.S. 97-10. We think this view is further confirmed by the appellant in his brief in which he contends that the right of the employer or carrier to bring the action within six months from the date of such injury or death, may be waived, citing *Foster v. Congress Square Hotel Co.*, 128 Me. 50, 145 A. 400, 67 A.L.R. 239.

We express no opinion as to whether the exclusive right given to an employer or his carrier to bring suit within six months from the date of the injury or death may or may not be waived in favor of the injured employee, since waiver of such right is not pleaded by the plaintiff. See *Wright v. Insurance Co.*, 244 N.C. 361, 93 S.E. 2d 438.

Under the original provisions of our Workmen's Compensation Act, Section 11, Chapter 120, of the Public Laws of 1929, an employee or his personal representative had to elect whether he would accept the benefits available to him under the Workmen's Compensation Act, or would proceed in a suit at common law against a third party to recover damages for such injury. And where the injured employee or his personal representative elected to accept the benefits available under the

provisions of the Workmen's Compensation Act, such acceptance was a complete bar to his right to proceed with the alternate remedy.

The Act, however, has always provided that where an employer has assumed liability for an award for compensation, he shall be subrogated to such rights as the injured employee or his personal representative had against any other party for such injury or death. Likewise, the Act provided that where an insurance carrier has paid an award for which the employer was liable, the insurance carrier shall be subrogated to all the rights of the employer, and that such subrogated rights may be enforced against a third party in the name of the employer, or the insurance carrier, as the case may be, or in the name of the injured employee or his personal representative. *Brown v. R. R.*, 202 N.C. 256, 162 S.E. 613; *McCarley v. Council*, 205 N.C. 370, 171 S.E. 323.

In 1933 the General Assembly amended the Workmen's Compensation Act, eliminating the requirement for an election of remedies, and authorizing the employee or his personal representative to bring an action against a third party if the employer had not instituted such action within six months of the date of such injury or death. Chapter 449, Public Laws of 1933. The Act was amended again by Chapter 622, Session Laws of 1943, which amendment provided "that after the Industrial Commission shall have issued an award, or the employer or his carrier has admitted liability in writing and filed the same with the Industrial Commission, *the employer or his carrier shall have the exclusive right to commence an action.*" (Emphasis added.) Such action may still be instituted in the name of the injured employee, or his personal representative, and if not brought within six months by the employer or his carrier, the employee or his personal representative may institute such action. G.S. 97-10; *Eledge v. Light Co.*, 230 N.C. 584, 55 S.E. 2d 179.

In the case of *Lovette v. Lloyd*, 236 N.C. 663, 73 S.E. 2d 886, this Court, speaking through *Ervin, J.*, said: "G.S. 97-10 specifies how the liability of the negligent third party to the injured employee is to be enforced. The employer or the insurance carrier, who has paid or become obligated to pay compensation to the employee injured by the negligent third party, has the exclusive right in the first instance to commence an action 'in his own name and/or in the name of the injured employee' against the third party for the damages suffered by the employee on account of the injury. If neither the employer nor the insurance carrier commences the action against the negligent third party within six months from the date of the injury, the right of action passes to the injured employee, and the injured employee thereafter has the right to bring the action in his own name against the third party for the damages suffered by him on account of his injury."

It is now settled, however, in this jurisdiction that in a compensation case where the employee dies as a result of an accident arising out of and in the course of his employment, any action against a third party, whose negligence may have contributed to the death of the employee, must be brought by the personal representative of the deceased and not by the employer or his carrier. *Whitehead & Anderson, Inc. v. Branch,* 220 N.C. 507, 17 S.E. 2d 637.

In our opinion, where an injured employee has accepted compensation under our Workmen's Compensation Act, no action instituted within six months from the date of the injury may be maintained in the name of the injured employee, unless the complaint discloses that the action was instituted in the name of such injured employee by either the employer or his carrier. This view was adopted upon similar facts by the Supreme Court of Appeals of Virginia in the case of *Smith v. Virginia Ry. & Power Co.,* 144 Va. 169, 131 S.E. 440.

The ruling of the court below is
Affirmed.

JOHNSON, J., not sitting.