TALMADGE ANDREWS GIBBS v. CAROLINA POWER & LIGHT COM-
PANY, ORIGINAL DEFENDANT, AND SKY-LINE CONSTRUCTION COM-
PANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
ADDITIONAL DEFENDANTS.

(Filed 20 October, 1965.)

**1. Judgments § 33; Courts § 9—**

Procedural rulings of the court entered in the action prior to voluntary
nonsuit are not *res judicata* in a second action instituted after the nonsuit.
This result is not affected by the fact that the same judge presided over
both actions nor by the fact that the action is against a third person tort-
feasor for negligent injury to an employee. G.S. 97-10.2.

**2. Indemnity § 2—**

A contract under which the contractor for construction and maintenance
of transmission lines agrees to indemnify the electric company for "all
claims and causes of action of any character which any" of the contractor's
employees may have against the electric company resulting from the per-
formance of the contract, *held* to include indemnity against injury to the
contractor's employees resulting from the electric company's negligence.

**3. Master and Servant § 86—**

A provision in a contract for construction work that the contractor
should indemnify the contractee for any liability to the employees of the
contractor resulting from the negligence of the contractee does not violate
G.S. 97-9, since the Workmen's Compensation Act recognizes the right of
third parties to enforce contracts of indemnity against employers. G.S.
97-10.2(e).

**4. Contracts § 10; Indemnity § 1—**

There is a distinction between a contract by which one seeks to exempt
himself from liability to an injured party for negligent injury, and a con-
tract whereby a party purchases indemnity from a third person against lia-
bility for negligent injury, and contracts of indemnity are not contrary to
public policy.

**5. Same—**

The rule that a public utility may not contract against its own negli-
gence relates to negligence in the performance of one of its duties of public
service and not to negligence which is in no way connected with its public
service.

**6. Same—**

Contracts exculpating a person from liability for his own negligence are
not favored and are to be strictly construed.

**7. Same—**

A contract under which an employer, contracting for construction and
maintenance of transmission lines, agrees to indemnify the electric com-
pany for liability to the contractor's employees for injury resulting from
the electric company's negligence is not contrary to public policy, and al-

though it will be strictly construed, will be upheld as to injuries coming clearly within its terms.

**8. Pleadings § 8—**

A cross-action by defendant against a codefendant or third party must be germane to the claim alleged by plaintiff, and ordinarily must be one in which all the parties have a community interest.

**9. Master and Servant § 86—**

In an action by an employee against the third person tort-feasor, the tort-feasor is entitled to assert the joint and concurring negligence of the employer, G.S. 97-10.2(e), but the third person tort-feasor is not entitled to litigate in the employee's action its rights under an indemnity contract between it and the employer, and therefore cannot be entitled to have the insurer of the employer's indemnity liability made a party. G.S. 97-10.2(d).

**10. Master and Servant § 86—**

Where there is an agreement by the employer to indemnify the third person tort-feasor against liability for negligent injury to the employer's workmen, the third person tort-feasor may not claim that the employer is estopped from maintaining the action in the employee's name in regard to that part of the recovery which might go to the employer and its insurer in reimbursement of the sums paid out to the injured employee under the Workmen's Compensation Act, the language of the indemnity agreement being sufficiently broad to cover the entire recovery by the employee.

APPEAL by defendant, Carolina Power & Light Company, from *Martin, S. J.,* March 15, 1965, Civil Session of BUNCOMBE.

This action was instituted 4 August 1964 to recover damages for personal injuries.

The complaint, in brief summary, alleges these facts: Sky-Line Construction Company (Sky-Line) contracted with Carolina Power & Light Company (defendant) to install and repair power lines and equipment at the latter's Swannanoa sub-station, and on 8 August 1961 was engaged in the performance of that work. Plaintiff, an employee of Sky-Line, was working on that job and was injured when an employee of defendant negligently caused wires, with which plaintiff was in contact, to become energized.

Defendant, answering, denied negligence and set up the following further defenses:

(1). Contributory negligence of plaintiff.

(2). Intervening and insulating negligence of Sky-Line.

(3). Concurrent and contributory negligence of Sky-Line.

(4). Estoppel. Sky-Line and plaintiff were subject to and bound by the provisions of the Workmen's Compensation Act. Sky-Line and its insurance carrier, St. Paul Fire and Marine Insurance Company (in-

surer), filed with the Industrial Commission, within 12 months of the date of the injury, a written admission of liability to plaintiff for workmen's compensation benefits and made compensation payments. A contract between defendant and Sky-Line, which was in effect at the time of the injury, contains an indemnity provision which obligates Sky-Line "to indemnify and save this defendant harmless for any sums recovered against defendant in this action." Defendant requested Sky-Line to honor the indemnity agreement and defend this action. Insurer (named above) was obligated by contract to insure Sky-Line's liability under the said indemnity agreement. Sky-Line and insurer refuse to defend the action. The indemnity agreement, insurer's obligation to insure Sky-Line's indemnity liability, and the provisions of G.S. 97-10.2(g) "bar and estop the said employer (Sky-Line) and its said insurer from benefitting from a recovery against this defendant by, or in the name of, the plaintiff." Sky-Line and insurer "are necessary, or at least proper, parties to the final determination of the matters of estoppel and set-off."

The answer also sets up a cross-action against Sky-Line and insurer in substance as follows: By reason of the indemnity agreement and insurer's obligation to insure Sky-Line's indemnity liability, "this defendant is entitled to recover over against them in this action (a) such sum as is necessary to fully indemnify it against the recovery, if any, which is had by the plaintiff against this defendant, and (b) such sum as is expended by defendant in conducting the defense to plaintiff's action, all of which are directly connected with and grow out of the plaintiff's action against this defendant." (The contract containing the alleged indemnity agreement is attached to the answer as an exhibit.)

On motion of defendant, the clerk of superior court entered an order making Sky-Line and insurer additional parties defendant.

Sky-Line and insurer, in separate pleadings, moved to strike from defendant's answer all references to the indemnity agreement and to insurer, the entire second and fourth further defenses, and the entire cross-action. They also (pleading separately) filed demurrers and included therein motions to strike their names from the pleadings as additional defendants, dismiss them as parties and dismiss the cross-action. The grounds for demurrer are: (a) the cross-action does not state facts sufficient to constitute a cause of action; (b) the cross-action is based upon matters and things not connected with plaintiff's cause of action; and (c) the cross-action and joinder of additional defendants constitute a misjoinder of parties and causes of action.

Plaintiff moved to strike from the answer all of the matters referred to in additional defendants' motions, and some additional matters not

of importance on this appeal. Plaintiff also moved to dismiss the cross-action and the joinder of the additional defendants, on the ground that (a) the cross-action is based upon matters and things not connected with plaintiff's cause of action, and (b) the cross-action and joinder of additional defendants constitute a misjoinder of parties and causes of action.

The court denied all of the motions of Sky-Line and plaintiff (relating to Sky-Line), overruled Sky-Line's demurrer, and ordered the following:

"3. That the demurrer filed by the additional defendant St. Paul Fire and Marine Insurance Company is allowed, and said cross action is hereby dismissed as to said defendant, and its name and any reference thereto stricken from the pleadings, and by this ruling on the demurrer the motion to strike of St. Paul Fire and Marine Insurance Company becomes moot;

"4. That the cross action of the defendant Carolina Power & Light Company against the defendant Sky-Line Construction Company is deferred for determination until Judgment is obtained in the action of the plaintiff against the defendant, Carolina Power & Light Company, then immediately thereafter the alleged cross action of the defendant, Carolina Power & Light Company, against the Sky-Line Construction Company shall be called for trial or determination; that in the event of a money Judgment being rendered in favor of the plaintiff, no execution is to be issued on said Judgment upon the posting of adequate supersedeas bond by the defendant, Carolina Power & Light Company."

Defendant appeals.

*Riddle & Briggs for plaintiff.*
*Uzzell & DuMont for Additional Defendants.*
*Sherwood H. Smith, Jr., A. Y. Arledge, and Van Winkle, Walton, Buck & Wall for defendant.*

MOORE, J. Defendant's assignments of error may be discussed under two general questions.

First. Did the court below err in sustaining insurer's demurrer to defendant's cross-action, in dismissing the cross-action as to insurer, and in ordering the name of insurer and all references thereto stricken from the pleadings? Defendant insists that the question should be answered in the affirmative, and presents several propositions in support of its contention.

(a). Defendant says that a prior order in the cause overruled the demurrer and denied the motions of insurer, the prior order is *res judicata* and the law of the case, and the court was without authority to overturn the prior rulings.

The pertinent facts relating to the prior order are these: The present action is the second of two actions instituted by the plaintiff against defendant on the same cause of action. The first action was begun on 20 November 1962, more than a year after the injury, and was terminated by judgment of voluntary nonsuit entered 30 July 1964. This second action was instituted 4 August 1965. The complaint in the second action is identical with the complaint filed in the first action. The answer of defendant to the complaint in the first action contained all of the defenses and further defenses and the cross-action set out in the answer to the complaint in the second action. As in the second action, Sky-Line and insurer were made additional parties defendant in the first action. They filed demurrers and motions raising the identical questions raised by their demurrers and motions in the second action. The court overruled the demurrers and motions in the first action, and the additional defendants did not seek appellate review of those rulings. By coincidence the same judge (Martin, S. J.) ruled on the demurrers and motions in both actions. In the second action the demurrer and motions of insurer were sustained and the cross-action as against Sky-Line was deferred until after judgment in plaintiff's action. Defendant contends that the court, when the demurrers and motions were heard in the second action, was bound by his rulings and order in the first action and was without authority to change or alter them, that the order in the first action became the law of the case and was *res judicata* of the matters therein determined.

Parenthetically, there was one difference between the answer filed by defendant in the two actions. In the answer in the first action (but not the second) defendant set up a plea in abatement "based on the allegations that the first action was brought under the provisions of the Workmen's Compensation Act at a time when the right to sue was in the employer and its insurer, without alleging in the complaint that the action was being prosecuted by the subrogated employer or its insurer in the name of the employee, as was held in *Taylor v. Hunt*, 245 N.C. 212, 95 S.E. 2d 589 (1956), to be necessary." The *Taylor* case holds that if, at the time of the institution of an action against a negligent third party, the right of action is in the employer or his insurance carrier, the action may not "be maintained in the name of the injured employee, unless the complaint discloses that the action was instituted in the name of such injured employee by either the employer or his

carrier." Sky-Line or insurer had the right of action when the first action was filed in the instant cause. G.S. 97-10.2(b), (c). The complaint in the first action did not disclose that the action was instituted in the name of plaintiff (employee) by Sky-Line or insurer. Plaintiff took a voluntary nonsuit. He thereafter instituted the second action within "sixty (60) days before the expiration of the applicable statute of limitations," when the right of action was in him. G.S. 97-10.2(c).

Does the doctrine of res judicata apply as contended by defendant? A voluntary nonsuit is not res judicata in a subsequent action brought in the same cause of action. Howle v. Express, Inc., 237 N.C. 667, 75 S.E. 2d 732; Starling v. Cotton Mills, 168 N.C. 229, 84 S.E. 388. "Judgment of nonsuit, of non pros, or nolle pros, of dismissal, are exceptions to the general rule that when the pleadings, the court, and the parties are such as to permit of a trial on the merits, the judgment will be considered as final and conclusive of all matters that could have been tried. A dismissal or nonsuit not determining the rights of the parties cannot support the plea of res judicata." Steele v. Beaty, 215 N.C. 680, 2 S.E. 2d 854. "A nonsuit 'is but like the blowing out of a candle, which a man at his own pleasure may light again.'" Grimes v. Andrews, 170 N.C. 515, 521, 87 S.E. 341. "The general rule is that in the absence of statute, and where the answer seeks no affirmative relief, a dismissal, discontinuance or nonsuit leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case." 11 A.L.R. 2d 1411, where the cases are collected and many of them annotated and discussed. See also 17 Am. Jur., Dismissal etc., § 86, p. 158. "It has been held that where an action or proceeding has been dismissed, rulings preceding the final judgment of dismissal are, as a general proposition, not capable of becoming res judicata." 11 A.L.R. 2d 1420. ". . . the effect of a judgment of voluntary nonsuit is to leave the plaintiff exactly where he was before the action was commenced." 17 Am. Jur., 161.

The foregoing principles have been almost universally adopted and applied. Such exceptions as exist are not based on any "reasoned theoretical viewpoint" in conflict with the usual rule but may be explained "upon the unusual nature of the particular facts and circumstances." 11 A.L.R. 2d 1423-4. In the instant case we find nothing justifying a deviation from the general rule. The cases cited by defendant (Wall v. England, 243 N.C. 36, 89 S.E. 2d 785; Greene v. Laboratories, Inc., 254 N.C. 680, 120 S.E. 2d 82) do not come to grips with the question here presented. They do not involve actions instituted after voluntary nonsuits had been taken in prior actions on the same causes of action. They hold that one superior court judge may not

modify, overrule or change the judgment of another superior court judge previously made *in the same action.* 1 Strong: N. C. Index, Courts, § 9. And it is not to be understood that the fact that Judge Martin made the two orders in both actions has any significance in this situation. The results would be the same had the orders been made by different judges.

Defendant calls to its aid the proposition that an action against a third party by an employee or employer to recover for injury to employee caused by the alleged negligence of the third party is governed by the provisions of the Workmen's Compensation Act, G.S. 97-10.2, and not by the Code of Civil Procedure. *Lovette v. Lloyd,* 236 N.C. 663, 73 S.E. 2d 886. The proposition is true in so far as the provisions of G.S. 97-10.2 (formerly G.S. 97-10) are in conflict with or supersede any of the rules of civil procedure. But we find nothing in that statute to sustain defendant's position on the point under consideration. Furthermore, defendant insisted in ·the first .action that plaintiff could not maintain that action at ·all, upon the pleadings as cast, because of noncompliance with the Workmen's Compensation Act. *Taylor v. Hunt, supra.* If this be true, the action was a nullity and any rulings and orders made therein were incapable of 'supporting a plea of *res judicata* in the second action.

(b)   Defendant attached to the answer a copy of a contract between it and Sky-Line containing an agreement by Sky-Line to indemnify defendant for certain losses and liabilities. The contract is by reference made a part of the answer, and for the purposes of the demurrer its existence and contents are admitted. Defendant alleges in connection therewith that insurer has insured Sky-Line's liability under the indemnity agreement. Defendant contends that the indemnity agreement is valid, applicable to the liability which plaintiff seeks to impose, and its rights thereunder are preserved to it by the Workmen's Compensation Act, G.S. 97-10.2(e). On the other hand, appellees contend that the agreement does not include indemnification for injuries to Sky-Line's employees resulting from defendant's own negligence, and, if it does, it is contrary to public policy and to G.S. 97-9 and therefore void.

The pertinent provisions of the indemnity agreement are:

> "Contractor (Sky-Line) shall indemnify, defend, and save harmless Company (defendant) from all liability, loss, cost, claim, claims, damage, expense judgment *(sic),* and awards arising or claimed to have arisen: . . . (b) out of ·injuries sustained . . . by Contractor's employees . . . of such nature and arising under such circumstances as to create liability therefor by Contractor

or by Company under the Workmen's Compensation Act . . . , including also all claims and causes of action of any character which any such employees, the employers of such employees, and all persons or concerns claiming by, under or through them, or either of them, may have or claim to have against Company resulting from or in any manner growing out of any such injuries sustained. . . ."

". . . In case Company should later require it, Contractor further agrees to . . . satisfactorily insure, or otherwise satisfactorily secure, the performance of this indemnity agreement in respect to all . . . matters aforesaid which are not secured by Workmen's Compensation insurance."

The language used is broad, comprehensive and without ambiguity. Sky-Line agrees to indemnify defendant with respect to all claims and causes of action of *any character* which Sky-Line's employees, Sky-Line or insurer may have or claim to have growing out of injuries to Sky-Line's employees which create liability therefor by Sky-Line or defendant under the Workmen's Compensation Act. The injuries to plaintiff created liability therefor by Sky-Line under the Act, and Sky-Line admitted liability. The Act permits suit by employee against defendant upon the facts alleged. The contract covers claims and causes of action *of any character* and does not exclude causes of action based on defendant's negligence. In a clause not copied herein, it requires Sky-Line to carry workmen's compensation insurance for the protection of its employees. If the indemnity clause does not provide defendant indemnity against claims of the character of plaintiff's claim, it has no meaning or purpose. The indemnity applies to claims based on defendant's negligence for there is no other class of claims for which defendant would be responsible to Sky-Line's employees, who would at the same time be entitled to compensation under the Workmen's Compensation Act. This reasoning has been advanced by the courts in numerous cases involving indemnity contracts similarly worded. *Louisville & N. R. Co. v. Atlantic Co.*, 19 S.E. 2d 364 (Ga. 1942); *Griffiths v. Broderick*, 182 P. 2d 18 (Wash. 1947); *General Accident Fire & Life Assurance Corp., Ltd. v. Smith & Oby Co.*, 272 F. 2d 581 (6C 1959); *Cacey v. Virginian Ry. Co.*, 85 F. 2d 976 (4C 1936).

This brings us to the question whether the indemnity contract is void as violative of G.S. 97-9 and as against public policy.

When certain specified conditions are complied with, G.S. 97-9 limits the liability of an employer for personal injury or death by accident of his employees as provided in the Workmen's Compensation Act. But the Act recognizes the right of third parties to enforce express con-

tracts of indemnity against employers. G.S. 97-10.2(e). Therefore, the contract in question does not contravene the Act. Furthermore, the statutory recognition of third parties' rights under such contracts is a legislative declaration of public policy.

There is a distinction between contracts whereby one seeks to wholly exempt himself from liability for the consequences of his negligent acts, and contracts of indemnity against liability imposed for the consequences of his negligent acts. The contract in the instant case is of the latter class and is more favored in law.

Freedom of contract is a fundamental basic right. However, the public interest is paramount. A public service corporation or a public utility cannot contract against its negligence in the regular course of its business or in performing one of its duties of public service. *Insurance Association v. Parker,* 234 N.C. 20, 65 S.E. 2d 341; *Hill v. Freight Carriers Corp.,* 235 N.C. 705, 71 S.E. 2d 133. Even a public service corporation is protected by an exculpatory clause when the contract is casual and private and in no way connected with its public service. *Singleton v. R. R.,* 203 N.C. 462, 166 S.E. 305; *Slocumb v. R. R.,* 165 N.C. 338, 81 S.E. 335. However, exculpatory clauses, not involving or relating to duties to the public, are not favored and are to be strictly construed. *Winkler v. Amusement Co.,* 238 N.C. 589, 79 S.E. 2d 185. In evaluating the force and effect of such provisions consideration must be given to the circumstances surrounding the parties and the object in view which induced their inclusion in the contract. *Hill v. Freight Carriers Corp., supra; Slocumb v. R. R., supra.* But when the language of the contract and the intent of the parties are clearly exculpatory, the contract will be upheld. *Hall v. Refining Co.,* 242 N.C. 707, 89 S.E. 2d 396.

Defendant's relationship to Sky-Line was not in the regular course of its business of furnishing electric current to the public and not in the performance of a duty of public service. Furthermore, the agreement was not exculpatory. As observed above, the workmen's compensation law, G.S. 97-10.2(e), recognizes the right of third parties to provide by contract with employers for indemnity against liability to employees for the consequences of their negligence and to enforce the contracts. See also *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768. It is not contrary to public policy for an indemnitee to contract with another to save him harmless from liability to a third party. *Markham v. Improvement Co.,* 201 N.C. 117, 158 S.E. 852; *Louisville & N. R. Co. v. Atlantic Co., supra; Indemnity Insurance Company of North America v. Koontz-Wagner Electric Company,* 233 F. 2d 380 (7C

1956). See also 42 C.J.S., Indemnity, § 7, p. 573; 17 C.J.S., Contracts, § 262, pp. 1167-8.

(c). Defendant contends that it is necessary and proper that insurer be joined as an additional defendant "to litigate its liability as insurer of Sky-Line's indemnity agreement" for the purposes of defendant's cross-action and Fourth Further Defense.

The following pertinent principles are firmly established in our law of procedure. A cross-action by a defendant against a codefendant or third party must be germane to the claim alleged by the plaintiff, *i.e.,* the cross-action must be in reference to plaintiff's claim and based on an adjustment of that claim. Independent and irrelevant causes of action may not be litigated by cross-action. *Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659; *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118; *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555; *Board of Education v. Deitrick,* 221 N.C. 38, 18 S.E. 2d 704; *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397. Ordinarily only those matters germane to the cause of action asserted in the complaint and in which all of the parties have a community of interest may be litigated in the same action. *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232; *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734. ". . . a plaintiff may not be required to cool his heels in an anteroom while defendants fight out, by cross-action, a claim, one against the other, which is independent of and irrelevant to the cause he asserts." *Wrenn v. Graham, supra.*

*Eledge v. Light Co.,* 230 N.C. 584, 55 S.E. 2d 179, is in point. It was an action for wrongful death. Plaintiff's intestate suffered fatal injuries while repairing an electric line; he was an employee of one Hayes. Hayes had contracted to construct and repair electric lines for defendant Power Company. Hayes and his insurer agreed to pay compensation. Plaintiff sued defendant Power Company, alleging actionable negligence of defendant. Defendant answered and, among other defenses, pleaded an indemnity agreement with Hayes, wherein Hayes obligated to indemnify and hold defendant harmless for any damages or other liability in connection with the work. Hayes and his insurer were made additional defendants. They moved to strike from the answer all references to the indemnity agreement. The motion was allowed. On appeal this Court held that the allegations of defendant relative to the contract of indemnity were properly stricken. We observe that at a later point in the opinion the Court said that defendant "was not entitled to be indemnified against its own negligence." However, on rehearing it was stated: "Observations in the opinion must be read in the light of the matters appearing in the present record. The

decision is not to be construed to lay down any general rule invalidating contracts for indemnity against consequences of future acts of negligence." The result reached in the original opinion, striking the references to the indemnity agreement from the answer, was not disturbed. *Eledge v. Light Co.,* 231 N.C. 737, 57 S.E. 2d 306.

Defendant has no rights against insurer which are superior to its rights against Sky-Line. Plaintiff is not privy to or bound by the indemnity agreement between defendant and Sky-Line or the insuring agreement between Sky-Line and insurer with respect to the indemnity agreement. The rights and obligations with respect to indemnity as between defendant and Sky-Line, between defendant and insurer, and between Sky-Line and insurer, are not germane to plaintiff's cause of action. There is not that community of interest in these various causes of action which will permit them to be litigated in plaintiff's action.

Unless there is some policy or provision of the workmen's compensation law which requires that defendant's cross-action against insurer be litigated in plaintiff's action, the judgment below must be affirmed. The Workmen's Compensation Act provides that an action against a third party by employee, employer or insurer "shall be brought in the name of the employee . . . and the employer or the insurance carrier *shall not be a necessary or proper party thereto.*" G.S. 97-10.2(d). And where the third party defendant sets up in his answer the joint or concurring negligence of employer, an issue shall be submitted to the jury on this question, and "employer shall have the right to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses and to argue to the jury as to this issue as fully as though he were a party although not named or joined as a party to the proceeding." G.S. 97-10.2(e). Employee "is to have the exclusive privilege to prosecute his action to a final conclusion without the presence of either the employer or the insurance carrier unless extraordinary circumstances require their joinder." *Lovette v. Lloyd, supra.* It is very apparent that it is the policy of the law that an action by an employee against a third party shall not be encumbered by including as parties, plaintiff or defendant, the employer or insurance carrier, nor by bringing in irrelevant causes of action. The Workmen's Compensation Act provides, however, that the third party shall have no right (other than to assert the joint or concurring negligence of the employer, as above set out) "by way of contribution or *otherwise* against the employer, except any right which may exist by reason of an express contract of indemnity between the employer and the third party, which was entered into prior to the injury to the employee." G.S. 97-10.2(e). In our opinion this provision does not require or even contemplate that such right of

indemnity be litigated in plaintiff's action. The statute, before setting out this provision, indicates the manner of the trial of plaintiff's action and the relative position of the issues. The indemnity provision deals with substantive rights and not procedure. There is nothing so "extraordinary" in the instant case as to require that insurer be made a party. Defendant had no right to insist that Sky-Line be a party, and certainly there is no statutory provision for making its insurance carrier a party.

Defendant is in no better position with respect to the Fourth Further Defense than with the cross-action. Such defense seeks to set up the indemnity agreement of Sky-Line and the insuring agreement of insurer as a bar and estoppel of these parties to claim any benefits under plaintiff's recovery. This is a limited and unnecessary application of the indemnity agreement. If the indemnity agreement covers any part of plaintiff's recovery against defendant, it covers it all. The so-called "estoppel" is only a part and parcel of the indemnity liability.

The second and final question raised by the appeal is whether the court below erred in deferring the trial of defendant's cross-action against Sky-Line until after judgment in plaintiff's action.

It seems that the court ordered separate trials of plaintiff's action and defendant's cross-action against Sky-Line pursuant to G.S. 1-179. It is unnecessary for us to discuss the applicability of that statute. As we have seen from the discussion in (c) above, the court, in overruling Sky-Line's demurrer and motions and in ordering the separation, made rulings more favorable to defendant than it was entitled to.

The judgment below will not be disturbed.

Affirmed.