JANE DOE v. DUKE UNIVERSITY, A NORTH CAROLINA CORPORATION

No. 9414SC463

(Filed 4 April 1995)

**Appeal and Error § 175 (NCI4th)— action dismissed by plaintiff—contention concerning trial court's protective order moot**

Because plaintiff entered a dismissal in her action for claim and delivery of breast implants which had been surgically removed from her body at defendant hospital, her argument in the Court of Appeals that the trial court erred in entering a protective order concerning possession of the implants was moot.

**Am Jur 2d, Appellate Review §§ 640 et seq.**

Judge LEWIS dissenting.

Appeal by plaintiff from order entered 22 November 1993 and from order signed 1 December 1993 and filed 3 December 1993 by Judge Anthony M. Brannon in Durham County Superior Court. Heard in the Court of Appeals 2 February 1995.

*Roberti, Wittenberg, Holtkamp & Lauffer, by R. David Wicker, Jr., for plaintiff-appellant and party-in-interest.*

*Moore & Van Allen, by Charles Holton, Loni S. Caudill, and Gloria Cabada-Leman, for defendant-appellee.*

GREENE, Judge.

Jane Doe (plaintiff) appeals from a protective order entered 22 November 1993 and an order entered 1 December 1993 in Durham County Superior Court, denying her motion for relief from the protective order, in her action for conversion of personal property, unfair and deceptive trade practices, and creation of a constructive trust in favor of plaintiff.

The pertinent facts are as follows: In 1976, plaintiff underwent surgery at Duke University Medical Center (Duke) for implantation of breast prostheses. In 1992, plaintiff underwent surgery again at Duke for removal of the breast prostheses (implants). Plaintiff requested Duke to return the implants prior to this litigation; however, the parties could not reach an agreement on the conditions of custody. In July 1993, plaintiff filed a complaint against Duke, alleging conversion and unfair and deceptive trade practices, and seeking, among other remedies, an order instructing Duke "to immediately release to the Plaintiff all implant devices and material removed from the Plaintiff."

In September 1993, Duke made a motion for protective order pursuant to N.C. Gen. Stat. § 1A-1, Rule 26 (1990). On 22 November 1993, the trial court entered a protective order which provided that the implants "shall be turned over to the exclusive care, custody and control of Lynne M. Holtkamp, attorney for" plaintiff for at least five years during which time Ms. Holtkamp was required to preserve the implants, to make them available to Duke as needed, to give Duke notice of their location, and to abide by federal regulations concerning handling of the implants. On 23 November 1993, plaintiff made a motion to amend the protective order to relieve Ms. Holtkamp of the responsibility of having care, custody and control of the implants and to deliver the implants to a New York pathologist. This motion, however, was denied by order filed 3 December 1993.

Plaintiff filed notice of appeal as to both the protective order and the order denying her motion to amend the protective order on 21

December 1993. On 9 February 1994, plaintiff filed a notice of voluntary dismissal without prejudice of her July 1993 complaint.

---

The issue presented is whether the correctness of the trial court's orders concerning possession of the implants is properly before this Court where plaintiff has entered a dismissal in her action for custody of the implants.

Once a party voluntarily dismisses her action pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990), "it [is] as if the suit had never been filed," *Tompkins v. Log Sys., Inc.*, 96 N.C. App. 333, 335, 385 S.E.2d 545, 547 (1989), *disc. rev. denied*, 326 N.C. 366, 389 S.E.2d 819 (1990), and the dismissal "carries down with it previous rulings and orders in the case." *Gibbs v. Light Co.*, 265 N.C. 459, 464, 144 S.E.2d 393, 398 (1965) (*quoting* 11 A.L.R.2d 1407, 1411). Therefore, because plaintiff has entered a dismissal in her action for claim and delivery of the implants, her present argument in this Court that the trial court erred in entering the protective order concerning possession of the implants is moot, and we need not consider it. *See Walker v. Walker*, 59 N.C. App. 485, 489, 297 S.E.2d 125, 128 (1982). Because the protective order was nullified by plaintiff's dismissal, it is vacated and remanded. On remand, the trial judge shall enter an order directing that possession of the implants be returned to defendant.

Vacated and remanded.

Judge COZORT concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent as to the majority's decision to vacate the order and remand for return of the implants to defendant.

The majority holds that the order does not survive the plaintiff's voluntary dismissal without prejudice. In so holding, they rely on the general rule that a voluntary dismissal "carries down with it previous rulings and orders in the case." *Gibbs*, 265 N.C. at 464, 144 S.E.2d at 398 (quoting R.P. Davis, Annotation, *Effect of Nonsuit, Dismissal, or Discontinuance of Action on Previous Orders*, 11 A.L.R.2d 1407, 1411 (1950)). The majority's analysis is based on treatment of the order as a protective order pursuant to section 1A-1, Rule 26. I sug-

gest that a different analysis is needed given these unique circumstances.

There are exceptions to the general rule concerning the survival of orders after dismissal of the suit. *See* Davis, *supra*, at 1423-28. Courts in other states have held that an order appointing a receiver can survive a voluntary dismissal. *Id.* at 1426-28; *e.g. Fountain v. Mills*, 36 S.E. 428, 430 (Ga. 1900) (receiver not discharged by dismissal and can only be discharged by court order).

Although denominated a protective order in defendant's motion, the order issued by the court here is in substance a provisional equitable order appointing Ms. Holtkamp as a receiver for the implants. Judges in North Carolina have the power to appoint a receiver to preserve specific property that is the subject of litigation pendente lite. *See* N.C.G.S. §§ 1-501 to -507 (1983); *United States v. McPherson*, 631 F. Supp. 269, 272 (M.D.N.C. 1986) (*citing* F. Wyatt, *State Court Receiverships in North Carolina*, 17 Wake Forest L. Rev. 745 (1981)). The trial court's power to appoint a receiver is not limited to that given by statute; a court of equity has inherent power to appoint a receiver. *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 576, 273 S.E.2d 247, 256 (1981). A receiver is an officer of the court, and his or her possession is possession of the court. *McPherson*, 631 F. Supp. at 272; *State v. Norfolk & Southern R.R.*, 152 N.C. 785, 789, 67 S.E. 42, 44 (1910).

I conclude that, in this case, this Court should follow the approach taken by the Georgia Supreme Court in *Fountain*. I would hold that, since possession by Ms. Holtkamp as receiver is possession by the court, the court's jurisdiction and her custody continue even though the case has been voluntarily dismissed by plaintiff. *See Fountain*, 36 S.E. at 430. I would hold that the order survives the dismissal and that this appeal is not moot.

The fact that these orders are interlocutory also should not prevent their review here. Ordinarily, interlocutory orders are not immediately appealable unless they affect a substantial right which would be lost if the ruling is not reviewed prior to final judgment. N.C.G.S. § 7A-27(d) (1989); N.C.G.S. § 1-277 (1983); *N.C. Farm Bureau Mutual Ins. Co. v. Wingler*, 110 N.C. App. 397, 401, 429 S.E.2d 759, 762, *disc. review denied*, 334 N.C. 434, 433 S.E.2d 177 (1993). The issue of whether these orders create irreconcilable ethical duties for Ms. Holtkamp as an attorney justifies our review of these orders as affecting the substantial rights of both plaintiff and her attorney, Ms.

Holtkamp. If such conflict were found to exist, a correction on appeal after final judgment would be too late to prevent the harm.

The issues on appeal are whether the trial court properly exercised its discretion (1) in entering the order directing Ms. Holtkamp to take custody of the implants and (2) in denying plaintiff's motion to amend the order. I would hold that the trial court properly exercised its discretion in both instances.

I first address the validity of the orders. A receiver may be appointed pendente lite in the discretion of the court where specific property is in danger of being lost or materially injured or impaired and where a party establishes an apparent right to specific property which is in the possession of the adverse party and is the subject of the action. § 1-502; *See Murphy v. Murphy*, 261 N.C. 95, 101, 134 S.E.2d 148, 153 (1964). A court's appointment of a receiver is presumed to be correct, and the appellant has the burden to show error. *Whitehead v. Hale*, 118 N.C. 601, 603, 24 S.E. 360 (1896).

I cannot say that the trial court's issuance of this receivership order was an abuse of discretion. The transcript reveals that the trial court recognized the need to protect the implants as evidence in this and in other litigation. The transcript also reveals that the trial court had to consider the impact of various federal regulations on the storage and handling of the implants. The trial court's concern with protecting the implants is made evident in its directions to Ms. Holtkamp to store and transport the implants in accord with these federal regulations. These implants are unique for their evidentiary rather than monetary value. If damaged or destroyed, they are irreplaceable as evidence. Pre-judgment attachment or another provisional remedy would not protect both parties and would not serve to preserve the implants as evidence. Given the concerns that both parties had that the implants be preserved for use as evidence in pending and future litigation, I would find the order reasonable.

The court's designation of Ms. Holtkamp as the person to take custody of the implants is also supported by reason. The selection of a receiver is made in the discretion of the trial judge, and this exercise of discretion will not generally be reviewed by an appellate court "unless it has been greatly abused." *Mitchell v. Realty Co.*, 169 N.C. 516, 520-21, 86 S.E. 358, 360 (1915). Although the appointment of a party's attorney as receiver is a practice not to be commended unless done by the parties' consent, it is not necessarily wrong for a court to do so. *Id.* at 520, 86 S.E. at 360. As our Supreme Court has stated:

It is not regarded as an abuse of judicial discretion to appoint as receiver the attorneys of the respective parties to the cause, and the court, in making such appointment, will not be interfered with upon appeal.

*Id.* At the initial hearing, plaintiff did not object to this designation and did not suggest an alternative. Only later, in her motion to amend the order did plaintiff suggest a different custodian who was a pathologist in New Jersey, not a party, and therefore outside the trial court's jurisdiction. The trial court acted with reason in designating Ms. Holtkamp, an officer of the General Court of Justice, over whom it has enforcement power.

I also fail to see how the court's order creates a conflict of interest for Ms. Holtkamp. She is not required by the order to disclose confidential information, litigation strategy, or the names of expert witnesses. She is only required to notify defendant of the location of the implants. Ms. Holtkamp is free to choose a neutral location and then to permit access by defendant, experts and others as necessary.

A receiver can always be removed upon application to the proper judge. *Id.* at 521, 86 S.E. at 360. If the trial court's jurisdiction over the order is not vitiated by the dismissal, if a problem of conflict, confidentiality, hardship, or ethics develops in the future, Ms. Holtkamp would remain free to seek modification of the order by the trial court. She would also remain free to seek modification if she ceases to represent plaintiff. Since there is nothing in the record to show that Ms. Holtkamp no longer represents plaintiff, there is no need to address the impact of a future decision of Ms. Holtkamp to withdraw as plaintiff's counsel. Plaintiff claims that the key issue in this case is ownership of the implants. However, ownership of the implants was the subject of plaintiff's underlying suit. Neither the order nor the court's denial of plaintiff's motion to amend resolved the merits of plaintiff's underlying claims but simply operated to protect the implants and the parties. Since the ownership issue is not properly before this court, I would not address it further.

The majority's decision to vacate and remand for return of the implants to defendant is an intrusion upon the province of the trial court which here properly exercised its equitable discretion to preserve crucial evidence. The majority finds the "protective order" nullified but remands to the trial judge with directions to order the implants returned to defendant. Since the order originally obligated the plaintiff to pay the costs of various aspects of the custody, I

MILLER v. TWO STATE CONSTRUCTION CO.

[118 N.C. App. 412 (1995)]

believe it necessary that the order survive until modified or terminated by the trial judge. There are "loose ends" such as payment of costs, timing of the return of the implants and the methods to be employed. Any questions or conflicts which arise would be resolved by the trial court so long as the implants are a matter of concern. If not the trial court, the appellate courts will be thrown into the business of micro-managing evidence, work for which we are neither fitted nor inclined. I believe the trial court is best equipped to deal with this situation.

Based on the record that plaintiff has prepared and on the circumstances that existed when the trial court made these orders, I would hold that the court's initial order and the order denying plaintiff's motion to amend the order be affirmed.