DEPARTMENT OF TRANSPORTATION v. R. J. COMBS; JIMMY D. REEVES, TRUSTEE; JAMES BADGER; JOHN W. BADGER; TOMMY RAY COMBS; BILLIE C. HALL AND HUSBAND, GARY HALL

No. 8323SC1298

(Filed 20 November 1984)

**Eminent Domain § 7.8; Rules of Civil Procedure § 41.2 — highway condemnation action — defendant's filing of voluntary dismissal — abandonment of case — acknowledgment of sufficiency of deposit**

Defendant's filing of a "voluntary dismissal without prejudice" in a highway condemnation case when defendant's pleading contained no counterclaim, cross-claim or third-party claim constituted an abandonment of the case by defendant and an acknowledgment that the amount of the Department of Transportation's deposit was adequate compensation for the land taken. G.S. 1A-1, Rule 41(c).

APPEAL by defendant, R. J. Combs, from *Rousseau, Judge.* Judgment entered 12 July 1983 in Superior Court, ASHE County. Heard in the Court of Appeals 26 September 1984.

*Attorney General Rufus L. Edmisten by Senior Deputy Attorney General Eugene A. Smith and Assistant Attorney General Guy A. Hamlin, for the State.*

*McElwee, McElwee, Cannon & Warden by William H. McElwee, III, and William C. Warden, Jr., for defendant appellant.*

BRASWELL, Judge.

We are called upon to determine the effect of a defendant's unusual and novel procedure of taking a "voluntary dismissal without prejudice" to the plaintiff's action in a highway condemnation case when the pleadings of the defendant did not raise any counterclaim, cross-claim or third-party claim. To say "he can't do that!" states a truism of civil procedure. To reach an understanding of the consequences necessitates further examination into the proceedings below.

On 8 June 1981 the North Carolina Department of Transportation filed suit seeking to condemn and appropriate certain property owned by the defendants for the construction of a highway. The plaintiff also filed a Declaration of Taking and Notice of Deposit. On 23 June 1981, the defendants, by and through their attorney Franklin Smith, filed an answer requesting the court to determine just compensation for the taken property. On 27 May 1982, Judge Rousseau entered an order which determined all issues except the issue of just compensation.

The case was regularly calendared for trial on 16 May 1983 before Judge Robert A. Collier, Jr. [The time frame made it 11 days short of one full year after the hearing and order resolving all issues but the amount of compensation.] At 2:00 p.m. the case was duly called for trial. Counsel for the plaintiff was prepared, fully ready with its witnesses, and announced in open court that it was ready to proceed. Although the appellant R. J. Combs and his attorney Franklin Smith were personally present in court, the trial did not go forward. Instead Attorney Smith at 2:05 p.m. filed a written document signed by himself, which reads as follows:

NOW COME the Defendants and move the Court that they be allowed to take a voluntary dismissal without prejudice in the above-captioned case with the right to reinstate the action, pursuant to Rule 41 of the North Carolina Rules of Civil Procedure.

The plaintiff objected. The presiding judge stated that any objection would be heard by the Resident Judge, Judge Julius Rousseau.

On 23 May 1983, the plaintiff filed a motion seeking to have the Voluntary Dismissal declared null and void. On 13 June 1983, Franklin Smith filed a motion seeking to withdraw as counsel for Mr. Combs because of "irreconcilable differences." No ruling on the withdrawal motion appears in the record.

The case came on for hearing before Judge Rousseau at the 7 July 1983 non-jury term of Ashe County Superior Court. After the hearing, Judge Rousseau entered a "Final Judgment" in which he concluded that the voluntary dismissal amounted to a dismissal with prejudice. He further construed the filing of the dismissal to mean that the defendants were satisfied with the Department of Transportation's deposit of $1,675.00 as being adequate compensation for the taken land. The judgment was entered 12 July 1983.

On 20 July 1983, R. J. Combs filed a *pro se* notice of appeal. With its tender of the record on appeal on 22 November 1983, William H. McElwee, III of the law firm of McElwee, McElwee, Cannon & Warden made their first appearance of record for the appellant R. J. Combs in this matter.

The notice of appeal contains only an exception to the entry of judgment. The grouping of the arguments, or questions, raised in the defendant's brief, allege that the final judgment (1) "was in error by finding as a fact that the defendant, R. J. Combs' voluntary dismissal amounted to a dismissal with prejudice and that there was no provision under North Carolina law for the defendant R. J. Combs to reinstate this action and that the defendant R. J. Combs was satisfied with the deposit . . ."; (2) that the judgment "was in error by finding as a fact that the deposit was full and adequate for the interest acquired . . ."; and (3) "was in error by finding as a fact that the sum of $1,675.00 payable to defend-

ants was full, fair and adequate compensation . . . ." However, on the face of the judgment as printed in the record, we fail to see any "exceptions" listed anywhere. Also, the assignments of error leave blank any listing of the page numbers on which the exceptions may be found, if they had been there. Rule 10(c) of the Rules of Appellate Procedure has not been complied with. An exception to the entry of judgment only brings forward the question of "whether the facts found and conclusions drawn support the judgment." The question of whether the findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law are not presented. *In re Rumley v. Inman*, 62 N.C. App. 324, 324, 302 S.E. 2d 657, 657 (1983); *Board of Transportation v. Martin*, 296 N.C. 20, 249 S.E. 2d 390 (1978). Thus, our standard of review is to determine whether the trial court erred in making its conclusions of law and in entering final judgment thereon.

The rules of law governing dismissals of actions are contained in N.C.G.S. 1A-1, Rule 41 of the Rules of Civil Procedure. Rule 41(a)(1) permits a plaintiff to take a voluntary dismissal without an order of the court:

(i) by filing a notice of dismissal at any time before the plaintiff rests his case, or;

(ii) by filing a stipulation of dismissal signed by all the parties who have appeared in the action.

Our research has failed to disclose any rule, statute, or case which grants a defendant the right to take a voluntary dismissal, whether with or without prejudice, unless the party-defendant taking the dismissal has a pleading which contains a "counterclaim, crossclaim, or third party claim." *See* Rule 41(c). Since the rules contain no provision which would permit a defendant to take the action done in this case by Attorney Smith, and since ordinarily such action would be held a nullity, we are constrained to hold that the filing of the voluntary dismissal by Attorney Smith constituted an abandonment of the case by the defendants and also constituted an acknowledgment of satisfaction with the amount of the deposit as being full and just compensation for the quantity of property taken for the project of the "Improvement of Secondary Road 1631, the Old Wilkesboro Road." The six parcels of land taken along the right of way contain the following portions of acreage: .03, .15, .21, .12, .13, and .01, for a total of .65

acres. While seven persons are listed as party-defendants, only R. J. Combs has perfected the appeal. Franklin Smith was counsel for all defendants when he acted on 16 May 1983, and he was in court when the events occurred.

To understand the effect of the attempt to take a voluntary dismissal to an action which a party did not institute, we must look at the options a defendant has once he is sued, and strive to analogize the appellant's actions accordingly. In a condemnation action, a defendant has twelve months in which to answer the complaint and declaration of taking. A failure to answer constitutes an admission that the deposit tendered by the State is just compensation. G.S. Sec. 136-107. In his answer or in a motion filed within sixty days after the filing of his answer, a defendant may request that commissioners be appointed to appraise the land. If such a request is made, the Commissioners are appointed as a matter of right. If no request is made, the cause may be set for hearing. G.S. 136-109. Once the case is set for hearing either party may move, pursuant to G.S. 136-110 to have the case continued upon a showing that the effects of the condemnation cannot be determined at that time. Should the defendant choose not to seek a continuance, he then has the option of opposing the Department's property valuation by argument and by offering witnesses. If defendant fails to do so, the State would be entitled to a judgment declaring that the deposit is sufficient to compensate the defendant for his loss.

In the case *sub judice* the defendant filed an answer which prevented the State from receiving a default judgment. No other steps were taken. On the day the case was called for trial Mr. Combs was present with his attorney. The record fails to indicate that he attempted to take any of the steps available to obtain a delay on the matter, nor does it indicate that any request for an extension was made. This leads us to the conclusion that the voluntary dismissal was an acknowledgment by defendant that he was unable to present any evidence to disprove the Department's valuation of the taken property, and, therefore, he would stop contesting the action.

On the other hand, if the defendant was not prepared for trial at the call of the case on 16 May 1983, he had the duty to move for a continuance. No such motion was made. We cannot al-

low the party who does not go forward and participate in the trial of his case that has been properly calendared and called for trial to work a continuance for his benefit through the use or attempted use of a voluntary dismissal. He does not get another "bite of the cherry."

If the lawsuit had been called for trial and it had been the State which refused to go forward with the lawsuit, the State, as plaintiff, would have been subjected to having the suit dismissed for failure to prosecute. Defendant by his failure to contest the claim, abandoned any claim he may have had for a greater recovery. Had defendant desired to contest his attorney's actions, he was present in the courtroom and could have then objected. Furthermore, if he felt the judgment was improperly entered because of an improper action on the part of his counsel, he could have moved to set it aside under G.S. 1A-1, Rule 60 of the Rules of Civil Procedure. This he failed to do.

We conclude that the conclusions of law support the judgment, and that the trial court's entry of judgment for the plaintiff was correct. The judgment entered is hereby

Affirmed.

Judges WEBB and EAGLES concur.