NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Plaintiff v. STAGECOACH VILLAGE, a North Carolina Non-Profit Corporation, Defendant

No. COA03-1026

(Filed 7 September 2004)

**Appeal and Error— appealability—interlocutory order—condemnation proceeding—substantial right not affected**

Plaintiff Department of Transportation's appeal from an order of the trial court joining as necessary parties each individual lot owner as a defendant in a condemnation action filed by plaintiff against defendant homeowners' association is dismissed as an appeal from an interlocutory order, because: (1) parties to a condemnation proceeding must resolve all issues other than damages at a hearing pursuant to N.C.G.S. § 136-108, and an appeal from a trial court's order rendered in such hearings is interlocutory since these hearings do not finally resolve all issues; (2) the trial court did not certify this case pursuant to N.C.G.S. § 1A-1, Rule 54(b); and (3) the only two issues affecting substantial rights in condemnation hearings are title to property and area taken, and neither issue is involved in this case.

Appeal by plaintiff from order entered 27 March 2003 by Judge John O. Craig, III, in Superior Court, Guilford County. Heard in the Court of Appeals 18 May 2004.

**N.C. DEP'T OF TRANSP. v. STAGECOACH VILLAGE**

[166 N.C. App. 272 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Hilda Burnett-Baker and Special Deputy Attorney General W. Richard Moore, for plaintiff appellant.*

*Horsley & Peraldo, P.A., by Jeffrey K. Peraldo, and Smith Moore LLP, by Bruce P. Ashley and R. James Cox, Jr., for defendant appellee.*

WYNN, Judge.

Plaintiff North Carolina Department of Transportation appeals from an order of the trial court joining as necessary parties each individual lot owner as a defendant in a condemnation action filed by Plaintiff against Defendant homeowners' association, Stagecoach Village. Plaintiff argues the trial court erred in determining that Defendant did not have standing to pursue each individual lot owner's claim, and in joining the lot owners as necessary parties in the condemnation action. For the reasons set forth herein, we must dismiss the instant appeal as interlocutory.

The procedural and factual history of the instant appeal is as follows: On 15 January 2002, Plaintiff filed a complaint for condemnation, declaration of taking, and notice of deposit in Guilford County Superior Court regarding certain property owned by the Defendant homeowner's association. The property at issue was common area property owned by Defendant in which each lot owner of the Stagecoach Village townhouse development also owned an easement. In its answer to Plaintiff's complaint, Defendant asserted the individual lot owners were necessary parties to the condemnation action inasmuch as each lot owner's property rights were adversely affected by the taking. On 9 October 2002, Defendant filed a motion pursuant to section 136-108 of the North Carolina General Statutes for a determination, *inter alia*, of whether the individual lot owners were necessary parties to the condemnation action. The motion came before the trial court on 16 December 2002, following which the trial court entered an order joining as necessary parties every record owner of a lot in the Stagecoach Village townhouse development. Plaintiff appealed from this order.

The dispositive issue on appeal is whether the instant action affects the substantial rights of the parties such that the present interlocutory appeal should be reviewed at this time. We hold it does not and must therefore dismiss the appeal.

Parties to a condemnation proceeding must resolve all issues other than damages at a hearing pursuant to section 136-108 of the North Carolina General Statutes. Section 136-108 provides as follows:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.

N.C. Gen. Stat. § 136-108 (2003). Because section 136-108 hearings do not finally resolve all issues, an appeal from a trial court's order rendered in such hearings is interlocutory. *Dep't of Transp. v. Rowe*, 351 N.C. 172, 174, 521 S.E.2d 707, 708-09 (1999); *Department of Transp. v. Byerly*, 154 N.C. App. 454, 456, 573 S.E.2d 522, 523 (2002). Only two circumstances exist in which a party may appeal an interlocutory order. *Rowe*, 351 N.C. at 174-75, 521 S.E.2d at 709. "First, the trial court may certify that there is no just reason to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action." *Id.* at 174-75, 521 S.E.2d at 709; N.C. Gen. Stat. § 1A-1, Rule 54(b) (2003). Such is not the case here. Second, a party may appeal an interlocutory order that "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *see also* N.C. Gen. Stat. § 1-277 (2003); N.C. Gen. Stat. § 7A-27 (2003). Thus, the instant appeal from the interlocutory condemnation order is proper if it affects the substantial rights of the parties.

Title to property and area taken in a condemnation action are "vital preliminary issues" affecting substantial rights. *Rowe*, 351 N.C. at 176, 521 S.E.2d at 709; *Highway Commission v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967). Where an order resulting from a condemnation hearing concerns title and area taken, such an order must be immediately appealed, despite its interlocutory nature. *Nuckles*, 271 N.C. at 14, 155 S.E.2d at 784. However, these are the only two condemnation issues affecting substantial rights from which immediate appeal must be taken. Although the reasoning in *Nuckles* implies that *all* issues other than damages arising in a section 136-108 hearing are "vital preliminary issues" affecting substantial rights, our Supreme

Court in *Rowe* held that an appeal from an interlocutory condemnation order contesting only the unification of the tracts of property at issue, and "not what parcel of land [was] being taken or to whom that land belong[ed]," did not affect any substantial rights of the appellants. *Rowe*, 351 N.C. at 176, 521 S.E.2d at 709. In doing so, the *Rowe* Court expressly restricted its earlier decision in *Nuckles*, stating that "[t]o the extent that *Nuckles* has been expanded to other issues arising from condemnation hearings, we now limit that holding to questions of title and area taken." *Id.* The Court further noted that, although the parties to a condemnation hearing must resolve all issues other than damages at the section 136-108 hearing, the statute did not require the parties to appeal those issues before proceeding to the damages trial. *Id.* Thus,

> [e]ven assuming that the unification order affected some substantial right, defendants were not required to immediately appeal the trial court's determination. The appeals process "is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." As a result, interlocutory appeals are discouraged except in limited circumstances. The language of N.C.G.S. § 1-277 is permissive not mandatory. Thus, where a party is entitled to an interlocutory appeal based on a substantial right, that party may appeal but is not required to do so. To the extent language in *Charles Vernon Floyd, Jr. & Sons, Inc. v. Cape Fear Farm Credit*, 350 N.C. 47, 51, 510 S.E.2d 156, 159 (1999), suggests otherwise, it is hereby disavowed.

*Id.* at 176, 521 S.E.2d at 709-10 (quoting *City of Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951)) (citations omitted). The Court concluded that "[i]n a condemnation proceeding, an interlocutory appeal is permissive, not mandatory, except in the limited circumstances that existed in *Nuckles*." *Id.* at 177, 521 S.E.2d at 710.

In the instant case, there is no dispute concerning the area taken or title to the condemned property. Rather, Plaintiff challenges the trial court's determination of necessary and proper parties to the case, and Defendant's ability to adequately represent the individual lot owners in the condemnation proceeding. Plaintiff offers no explanation as to how the order of the trial court "will work an injury to him if not corrected before an appeal from the final judgment." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Because the appeal does not

require resolution of issues involving title and area taken, the interlocutory order does not affect the parties' substantial rights. *Rowe*, 351 N.C. at 176, 521 S.E.2d at 709; *Department of Transp. v. Mahaffey*, 137 N.C. App. 511, 515, 528 S.E.2d 381, 384 (2000) (concluding that, because the issues addressed by the trial court in the section 136-108 hearing did not relate to title or area taken, immediate appeal was unnecessary). Inasmuch as the parties' substantial rights are unaffected by the trial court's order, the instant appeal is improper and must be dismissed. *Rowe*, 351 N.C. at 176, 521 S.E.2d at 709 (discouraging interlocutory appeals from condemnation orders except under the limited circumstances presented by *Nuckles*); *Byerly*, 154 N.C. App. at 456-57, 573 S.E.2d at 524 (dismissing as interlocutory the second argument propounded by the defendants, who contended the trial court in a section 136-108 hearing failed to classify the going concern value of the defendants' business as property taken or damaged by the Department of Transportation).

The instant appeal is hereby,

Dismissed.

Judges CALABRIA and STEELMAN concur.