HUNTER, JR., ROBERT N. Judge.
The Department of Transportation ("DOT") appeals from a judgment entered 21 April 2015 granting Ashcroft Development, LLC's ("Ashcroft") Motion for Judgment on the Pleadings which awarded Ashcroft the DOT's estimate of just compensation for a taking previously deposited with the Clerk of Court of Rockingham County. We affirm the trial court's judgment granting Ashcroft's Motion for Judgment on the Pleadings.
I. Factual and Procedural Background
DOT instituted this action against Ashcroft on 19 July 2010 to condemn portions of real property owned by Ashcroft. On 29 November 2010, Ashcroft obtained an Order of Disbursement of the deposit made by DOT in the amount of $163,700.00, but noted "such disbursement be as a credit against just compensation without prejudice to further proceedings in the cause to determine just compensation." Ashcroft filed an Answer on 13 May 2011, seeking a determination of just compensation for the taking and requesting a trial by jury as well as attorneys fees. On 30 January 2014, Ashcroft filed a Rule 41 Voluntary Dismissal abandoning its claims for additional compensation and accepting DOT's deposit as just compensation for the condemned property. DOT filed a Motion for a § 108 Hearing ("Section 108 Motion") on 3 February 2014 seeking a determination about whether the closure of an access point constituted a compensable taking.
In light of the Voluntary Dismissal already filed, Ashcroft filed a Motion for Judgment on the Pleadings seeking a determination that there were no matters remaining on the docket for trial or determination other than entry of judgment in the amount of the DOT's estimate of just compensation previously deposited with the Clerk of Court of Rockingham County. The trial court entered judgment for Ashcroft on 21 April 2015 awarding Ashcroft the DOT's estimate of just compensation for the taking, previously deposited with the Clerk of Court of Rockingham County. The trial court found "the total amount of the original deposit [was] full, fair and adequate value of and [was] just compensation." DOT timely appealed the judgment.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat § 7A-27(b).
III. Standard of Review
"This Court reviews de novo a trial court's ruling on motions for judgment on the pleadings. Under a de novo standard of review, this Court considers the matter anew and feely substitutes its own judgment for that of the trial court." Reese v. Mecklenburg Cty., 200 N.C.App. 491, 497, 685 S.E.2d 34, 38 (2009) (citations omitted).
IV. Analysis
Chapter 136 of the North Carolina General Statutes governs condemnation actions filed by the DOT and provides that a condemnation action begins with the filing of a complaint, accompanied by a deposit of the sum of money estimated by the DOT to be just compensation for the taking. N.C. Gen.Stat. § 136-103(d) (2015). The DOT may amend its complaint and Declaration of Taking. N.C. Gen.Stat. § 136-103 (2015). Chapter 136 allows a defendant to withdraw the deposit of the DOT's estimate of just compensation "as full compensation, or as a credit against just compensation without prejudice to further proceedings." N.C. Gen.Stat. § 136-105 (2015). Where a defendant contests the DOT's estimate of just compensation, Chapter 136 allows the defendant to file an answer seeking a determination of just compensation. N.C. Gen.Stat. § 136-106 (2015). When a defendant fails to file an answer, he admits the amount deposited by the DOT is just compensation for the taking and a judge shall enter final judgment in the amount deposited. N.C. Gen.Stat. § 136-107 (2015). Chapter 136 specifically vests the trial judge with power to make necessary orders to carry into effect the intent of Chapter 136 by providing:
In all cases of procedure under this Article where the mode or manner of conducting the action is not expressly provided for in this Article or by the statute governing civil procedure or where said civil procedure statutes are inapplicable the judge before whom such proceeding may be pending shall have the power to make all the necessary orders and rules of procedure necessary to carry into effect the object and intent of this Chapter and the practice in such cases shall conform as near as may be to the practice in other civil actions in said courts.
N.C. Gen.Stat. § 136-114 (2015).
When a defendant in a condemnation action files a voluntary dismissal pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, the defendant abandons any claim for greater compensation. Dep't of Transp. v. Combs, 71 N.C.App. 372, 375-76, 322 S.E.2d 602, 604-05 (1984). Once a party voluntarily dismisses its action, it is as if the action had never been filed. Hous. Auth. of Wilmington v. Sparks Eng'g, PLCC, 212 N.C.App. 184, 187, 711 S .E.2d 180, 182 (2011).
DOT argues the trial court erred in granting Ashcroft's Motion for Judgment on the Pleadings without conducting a hearing on DOT's Section 108 Motion. DOT contends DOT is not bound by the amount of its initial deposit. To support its argument, the DOT cites N.C. Gen.Stat. § 136-109(d) which provides, in part, "[N]or shall evidence of the deposit by the Department of Transportation into the court be competent upon the trial of the issue of damages." We are not persuaded because N.C. Gen.Stat. § 136-109(d) assumes the case has already moved past pre-trial motions and into a trial on the issue of damages.
In this case, Ashcroft filed a voluntary dismissal. Ashcroft filed its Voluntary Dismissal with the Court before DOT filed its Section 108 Motion. Upon filing the voluntary dismissal, Ashcroft abandoned its claims for additional compensation and the case concluded. Ashcroft's filing of a voluntary dismissal showed Ashcroft's wish to no longer contest the action and to cease the continued incurring of costs and attorneys fees.
Despite Ashcroft's willingness to accept the DOT's estimate of just compensation, the DOT continued to press forward with a trial. Pursuant to the trial judge's Section 114 authority to make orders necessary to carry out the intent of Chapter 136, N.C. Rules Civ. Proc. § 1A-1, Rule 12(c) was an appropriate vehicle for the trial court to enter judgment in the amount of the deposit and terminate the case, as contemplated by Section 107.
The trial court correctly refused to conduct a hearing on DOT's Section 108 Motion. After a voluntary dismissal, the DOT cannot proceed to trial in an effort to obtain a judgment for a lesser amount, absent an amendment to its complaint. There is no evidence in the record to show DOT took steps authorized by Chapter 136 to amend its complaint. DOT's Section 108 Motion became moot when Ashcroft filed its voluntary dismissal and abandoned its pursuit of additional compensation. It was not necessary to hear the subsequently filed motion. See Doe v. Duke Univ., 118 N.C.App. 406, 408, 455 S.E.2d 470, 471 (1995) (a voluntary dismissal takes down all orders in the case when filed, such that the previously filed orders are not enforceable).
Chapter 136 specifically requires the trial judge to enter judgment in the amount of the deposit when a condemnation defendant does not contest the amount of the deposit-with no mention of a trial by jury. See N.C. Gen.Stat. § 136-107 (2015). The DOT's argument that the trial judge's actions deprived it of a jury trial is without merit. In this case, Chapter 136 does not afford the DOT a right to trial by jury.
The trial court correctly granted Ashcroft's motion for judgment on the pleadings and ruled that just compensation was equal to the amount previously deposited by DOT.
V. Conclusion
For the foregoing reasons, we affirm the trial court's motion for judgment on the pleadings.
Affirmed.
Judges ELMORE and DAVIS concur.
Report per Rule 30(e).