IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-388

Filed: 3 July 2018

Mecklenburg County, No. 13 CVS 8062

THE CITY OF CHARLOTTE, a municipal corporation, Plaintiff,

v.

UNIVERSITY FINANCIAL PROPERTIES, LLC, A North Carolina limited liability company f/k/a University Bank Properties Limited Partnership; BANK OF AMERICA, N.A. f/k/a NCNB National Bank of North Carolina, Tenant; and Any Other Parties in Interest, Defendants.

Appeal by defendant from order entered 29 September 2016 by Judge Daniel

A. Kuehnert in Superior Court, Mecklenburg County.  Heard in the Court of Appeals

15 November 2017.

> *Parker Poe Adams & Bernstein, LLP, by Nicolas E. Tosco, Benjamin R. Sullivan, and Charles C. Meeker, for plaintiff-appellee.*

> *Johnston, Allison & Hord, P.A., by Martin L. White, R. Susanne Todd, and David V. Brennan, for defendant-appellant University Financial Properties, LLC.*

STROUD, Judge.

Defendant University Financial Properties, LLC ("defendant") appeals from the trial court's order entered 29 September 2016 granting plaintiff's motion to amend its "Complaint, Declaration of Taking and Notice of Deposit and Service of Plat."  On appeal, defendant argues that the trial court erred by ruling that defendant's voluntary dismissal had no effect to end the case and in granting

plaintiff's motions to amend its complaint. We reverse the trial court's order because after defendant filed its notice of voluntary dismissal, the trial court no longer had authority to rule on plaintiff's motion to amend its complaint, declaration of taking, and deposit. Under N.C. Gen. Stat. § § 136-105 and 136-107 (2017), defendant was in the position of the claimant and had the right to elect to accept the deposit or to go to trial, and plaintiff had no right to force defendant to proceed to trial after defendant elected to dismiss its claim for determination of just compensation. We reverse and remand for entry of a final judgment in accord with N.C. Gen. Stat. § 136-107, setting compensation based on the deposit.

Facts

Plaintiff filed its complaint, declaration of taking, notice of deposit, and service of plat in April 2013. Plaintiff estimated the sum of $570.425.00 to be just compensation for the taking. Plaintiff deposited that sum with the superior court and stated that defendant could "apply to the Court for disbursement of the money as full compensation, or as a credit against just compensation, to be determined in this action." Defendant applied for disbursement of the deposit on 22 July 2013. An order granting the disbursement request was entered the next day, 23 July 2013.

Defendant filed its answer on 9 April 2014, requesting a jury trial to determine just compensation for the taking. On 24 October 2014, plaintiff filed a motion for determination of issues other than damages under N.C. Gen. Stat. § 136-108 (2017),

asking the trial court to determine what impact, if any, construction of a bridge on an existing public right-of-way may have in this action and whether the interference with the view of the property is a compensable taking. On or about 19 November 2014, plaintiff filed a motion for partial summary judgment, arguing that plaintiff was "entitled to partial summary judgment on the question of whether an elevated bridge that the City plans to build at the intersection of North Tryon Street and W.T. Harris Boulevard is part of the taking in this case and is an element of the just compensation owed to [defendant] University Financial." Plaintiff argued that construction of the bridge was not part of the taking but rather was part of the construction of a public project on existing public property, so defendant should not be entitled to compensation for any impacts from the bridge. On 17 December 2014, the trial court denied all of plaintiff's motions and concluded that defendant was entitled to present evidence at trial of the bridge's impact on defendant's remaining property.

On 5 April 2016, this Court reversed the trial court, holding that the loss of visibility due to the bridge is not a compensable taking and remanded the case for further proceedings consistent with its opinion. *City of City of Charlotte v. Financial Properties*, __ N.C. App. __, __, 784 S.E.2d 587, 594 (2016), *disc. review denied*, 369 N.C. 37, 792 S.E.2d 789 (2016).

Plaintiff then filed a motion to amend its complaint on 22 August 2016, asking that the complaint be amended to state the lesser sum of $174,475.00 as its estimate of just compensation for the taking. Plaintiff asserted that it is entitled to a jury trial on the amount of compensation and under N.C. Gen. Stat. § 136-121 (2017) to a refund from defendant "to the extent that Plaintiff's previous deposit exceeds the amount of just compensation determined by the final judgment in this action." Plaintiff filed a second motion to amend its complaint on 25 August 2016 after the North Carolina Supreme Court declined to review this Court's earlier opinion.

On 1 September 2016, defendant filed a notice of voluntary dismissal without prejudice under Rule 41(a) of the North Carolina Rules of Civil Procedure. A corrected notice of voluntary dismissal without prejudice was filed one day later, 2 September 2016, to correct a clerical error regarding the file number. The notice stated:

> Defendant, University Financial Properties, LLC, through the undersigned counsel, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure hereby gives notice of voluntary dismissal without prejudice of all pending claims against Plaintiff, including claims for additional compensation and attorney's fees, said Defendant accepting the amount of deposit in the above-entitled action. Each party shall bear its own costs and attorneys' fees.

In addition, on 6 September 2016, defendant filed a motion for judgment on the pleadings, alleging that defendant "is entitled to final judgment as a matter of law against Plaintiff in the amount deposited."

On 29 September 2016, the trial court entered an order granting plaintiff's motions to amend its complaint, declaration of taking, and notice of deposit and service of plat. The trial court made findings of fact regarding the procedural history of the case, generally as described above, and then addressed the pending motions as follows:

> 9.    On August 22, 2016, the City filed a Motion to Amend Its Complaint in order to decrease the Complaint's estimate of just compensation to One Hundred Seventy-Four Thousand Four Hundred Seventy-Five Dollars ($174,475.00). This decrease would remove from the Complaint's estimate of just compensation any compensation for the bridge to be built within North Tryon Street, which the Court of Appeals has held is not a part of this condemnation.
>
> 10.    The North Carolina Court of Appeals later issued an Order formally certifying to this Court that University Financial's Petition for Discretionary Review had been denied. That Order was received by this Court on August 25, 2016. Later that day, the City filed with this Court its Second Motion to Amend its Complaint, which was identical to its first Motion to Amend its Complaint.
>
> 11.    On September 1, 2016, University Financial filed a "Notice of Voluntary Dismissal Without Prejudice," which purported to dismiss, under North Carolina Rule of Civil Procedure 41(a), the demand for additional compensation in University Financial's Answer.

12. On September 6, 2016, University Financial filed a Motion for Judgment on the Pleadings requesting that this Court enter final judgment awarding University Financial compensation of $570,425.00, the estimated just compensation in the City's un-amended Complaint.

13. This action has not been scheduled for trial, nor have any other deadlines been set in this case. As a result, granting the City's request to amend its Complaint would not delay or disrupt any proceeding already scheduled in this action.

14. Good cause exists to allow the City to amend its Complaint as requested by the City's two motions to amend.

Based on these findings, the Court concludes as follows:

1. University Financial's "Notice of Voluntary Dismissal Without Prejudice" was not a proper or valid dismissal under North Carolina Rule of Civil Procedure 41. The voluntary dismissal was a nullity and did not have the effect of concluding this case by acknowledging satisfaction with the amount of the deposit and waiving further proceedings to determine just compensation as contended by University Financial. To conclude otherwise would be to fail to follow the Court of Appeals' mandate in this case.

2. University Financial's voluntary dismissal does not prevent this Court from considering the City's motions to amend or from allowing the City to amend its Complaint.

3. The Court is mandated by the Court of Appeals' ruling in this case to allow the City's timely motions to amend and give no impact whatsoever to University Financial's voluntary dismissal.

4. The Court concludes that this Order is a final

ruling as to the meaning and effect of University Financial's voluntary dismissal because it has cut off some of University Financial's claim for the full amount of the deposit. *See* N.C. R. Civ. P. 54(b).

5. Given the uniqueness of the facts and applicable law in this case, the Court certifies that there is no just reason to delay an appeal of this matter. A trial would be a waste of the Court's time and resources at this point in time given this Order, and the prior Court of Appeals' mandate. Whereas, if [University] Financial is correct in its interpretation of the effect of its filing a voluntary dismissal, then a trial would be presented in a significantly different manner.

IT IS THEREFORE ORDERED as follows:

1. For good cause shown, the City of Charlotte's Motion to Amend its Complaint, Declaration of Taking and Notice of Deposit and Service of Plat and Second Motion to Amend its Complaint, Declaration of Taking and Notice of Deposit and Service of Plat are hereby granted. The City may file an Amended Complaint, Declaration of Taking and Notice of Deposit and Service of Plat within fourteen (14) days after entry of this Order.

2. University Financial may file an answer or otherwise plead in response to the Amended Complaint, Declaration of Taking and Notice of Deposit and Service of Plat within thirty (30) days after being served with that pleading.

3. University Financial's voluntary dismissal had no effect to end this case and does not limit University Financial's ability to answer or otherwise plead in response to the Amended Complaint or its ability to seek compensation beyond that estimated in the Amended Complaint.

4. At the hearing, University Financial

withdrew its Motion for Judgment on the Pleadings, and consequently the Court is not ruling on that Motion.

5.      Pursuant to North Carolina Rule of Civil Procedure 54(b), this matter is certified for immediate appeal as there is no just reason for delay.

6.      Pursuant to the provisions of N.C. Gen. Stat. § 1-270, *et. seq.*, and N.C. Rule of Appellate Procedure 8(a), all further proceedings in this action shall be stayed upon University Financial's filing of a Notice of Appeal until further order of this Court. The Clerk is directed to enter this Stay on the docket.

Defendant timely appealed to this Court.

## Discussion

### I.    Interlocutory Order

The order on appeal is not a final resolution of all issues as to all parties, so it is an interlocutory order. *See, e.g., Wilfong v. North Carolina Dept. of Transp.*, 194 N.C. App. 816, 817, 670 S.E.2d 331, 332 (2009) ("An order is either interlocutory or the final determination of the rights of the parties. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. Defendant appeals from an interlocutory order entered following a hearing under N.C. Gen. Stat. § 136-108 (2007). Because G.S. 136-108 hearings do not finally resolve all issues, an appeal from a trial court's order rendered in such

hearings is interlocutory." (Citations and quotation marks omitted)). As this Court explained previously:

> It is well established that interlocutory orders, which are made during the pendency of an action, are generally not immediately appealable. If, however, the order implicates a substantial right that will be lost absent our review prior to the entry of a final judgment, an immediate appeal is permissible.
>
> In condemnation proceedings, our appellate courts have identified certain "vital preliminary issues," such as the trial court's determination of the title or area taken, which affect a substantial right and are subject to immediate appeal. In its order pursuant to N.C. Gen. Stat. § 136-108, the trial court concluded that the City's construction of the Bridge was "part of the taking in this action." Because this ruling concerns the area encompassed by the taking, we have jurisdiction over the City's appeal with regard to the trial court's determination of this issue.

*City of Charlotte v. Univ. Fin. Properties, LLC*, __ N.C. App. __, __, 784 S.E.2d 587, 590 ("*University Financial I*"), *review dismissed*, 369 N.C. 37, 792 S.E.2d 518 (2016), *and disc. review denied*, 369 N.C. 37, 792 S.E.2d 789 (2016) (citations and quotation marks omitted).

In this appeal, defendant argues that it has a substantial right which would be lost without an immediate appeal of the trial court's order, because the order "deprives [defendant] University of its ability to end the litigation short of trial for the initial deposit in which it has a vested right." Defendant contends that N.C. Gen. Stat. § 136-105 (2017) gives the landowner a right to accept the deposit as full

compensation and the condemnor has no right to force a landowner to submit its claim to a jury trial. In addition, defendant argues that plaintiff has no right to decrease its deposit under N.C. Gen. Stat. § 136-103 (2017), so trial court's order deprived it of the protection of this statute as well.

Plaintiff argues that defendant has not shown a substantial right which would entitle it to an interlocutory appeal because avoiding a trial is not a substantial right and motions to amend under Rule 15(a) of the North Carolina Rules of Civil Procedure should be freely granted in the trial court's discretion. Plaintiff's arguments are based on generally correct statements of law but ignore the substantive and procedural rights set forth in North Carolina General Statutes Chapter 136, Article 9 regarding condemnation cases. We must view this issue in the context of those procedures and rights.

We addressed the extent of the compensable taking in *University Financial I*, __ N.C. App. __, 784 S.E.2d 587, and on remand, the trial court entered the order on appeal, which does not resolve the case but would require defendant to proceed to a jury trial on just compensation. In *University Financial I*, plaintiff was required to appeal from the trial court's order immediately or it would have lost the right to challenge the extent of the compensable taking in an appeal after a final judgment. *Id.* at __, 784 S.E.2d at 590.

This appeal presents issues similar to those in an order addressing the title or area taken, because it raises an issue other than determining just compensation, but it is not one of the issues which must be appealed immediately. In eminent domain cases, interlocutory orders concerning title or area taken must be appealed immediately or the right to appeal is lost. *See, e.g., Stanford v. Paris*, 364 N.C. 306, 312, 698 S.E.2d 37, 41 (2010) ("This Court has said that in condemnation cases, after a hearing pursuant to N.C.G.S. § 136-108, appeal of an issue affecting title to land or area taken by the State is mandatory and the interlocutory appeal must be taken immediately.").

Plaintiff argues that the *only* issues in a condemnation action which affect a substantial right and are immediately appealable are issues relating to ownership of land or what parcel is being taken, quoting from *N.C. Dep't of Transp. v. Stagecoach Village*, 166 N.C. App. 272, 601 S.E.2d 279 (2004), *vacated sub nom.*, 360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005), as follows: "[T]hese are the only two condemnation issues affecting substantial rights[.]" *Id.* at 274, 601 S.E.2d at 280. Plaintiff conveniently omits the remainder of the quoted sentence: "from which immediate appeal *must* be taken." *Stagecoach Village*, 166 N.C. App. at 274, 601 S.E.2d at 280 (emphasis added). In addition, the quote is taken from the Court of Appeals' opinion in *Stagecoach Village,* which was vacated by the North Carolina Supreme Court for erroneously concluding that the underlying order did not concern title to the property

being condemned.  360 N.C. at 48, 619 S.E.2d at 497.  It is true that these particular issues -- ownership and parcel taken -- must be appealed immediately or any potential challenge to the interlocutory order is lost; they cannot be raised on appeal after the final judgment.  *See Highway Commission v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967) ("One of the purposes of G.S. 136-108 is to eliminate from the jury trial any question as to what land the State Highway Commission is condemning and any question as to its title.  Therefore, should there be a fundamental error in the judgment resolving these vital preliminary issues, ordinary prudence requires an immediate appeal, for that is the proper method to obtain relief from legal errors.").  But this does not mean that these are the *only* two issues a party to a condemnation case may appeal prior to a final judgment.  If a landowner can show impairment of a substantial right which would be lost based on some other issue, an interlocutory appeal can be proper.  *See, e.g., SED Holdings, LLC v. 3 Star Properties, LLC*, __ N.C. App. __, __, 791 S.E.2d 914, 919 (2016) ("Immediate review is available where an interlocutory order affects a substantial right that will clearly be lost or irremediably adversely affected if the order is not reviewed before final judgment.  As our Supreme Court has acknowledged, this determination must be made on a case-by-case basis: The substantial right test for appealability of interlocutory orders is more easily stated than applied.  It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the

order from which appeal is sought was entered." (Citations, quotation marks, and brackets omitted)).

Plaintiff also argues that an order granting a motion to amend a complaint does not affect a substantial right and there is no right of immediate appeal, citing to *LendingTree, LLC v. Anderson*, 228 N.C. App. 403, 407, 747 S.E.2d 292, 296 (2013), which addresses the issue as presented in that case with one sentence: "However, we do not have jurisdiction to review the Business Court's decision granting LendingTree's motion to amend its complaint since that decision does not affect a substantial right." As a general rule in other civil proceedings, it is true that an order allowing a motion to amend is not immediately appealable. *See, e.g., Howard v. Ocean Trail Convalescent Center*, 68 N.C. App. 494, 496, 315 S.E.2d 97, 99 (1984) ("The order granting the motion to amend is obviously not a final judgment but is interlocutory. No substantial right is at stake, so there is no right to immediate appeal on this issue." (Citation and quotation marks omitted)). But the Plaintiff moved to amend not just the complaint but also the deposit and declaration of taking, and we must consider this case in the context of the detailed condemnation statutes which dictate the requirements of the complaint, declaration of taking, deposit, and some procedures -- including amendment of the complaint and deposit.

Here, as addressed in more detail below, plaintiff did not have the right to amend the complaint to reduce the deposit, and the trial court's order granting the

amendment and refusing to recognize the effect of the voluntary dismissal has the effect of taking away defendant's right under N.C. Gen. Stat. § 136-105 to accept the original deposit, thus forcing defendant to choose between accepting the reduced deposit or proceeding with a jury trial. Because of these statutory rights in condemnation cases, granting the motion to amend did affect a substantial right of defendant which would be lost otherwise. Although generally there is no right to an interlocutory appeal to avoid a trial, *see, e.g., Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001) ("[A]voiding the time and expense of trial is not a substantial right justifying immediate appeal."), the defendant-landowner in a condemnation case does have the right under N.C. Gen. Stat. § 136-105 to avoid a trial by accepting the deposit. *See* N.C. Gen. Stat. § 136-105. Under N.C. Gen. Stat. § 136-107, the landowner's failure to file an answer within 12 months from service of a complaint is treated as a waiver of the landowner's right to any further proceeding to determine just compensation. *Id.* Because the claim to compensation is the defendant's claim, defendant's position is comparable to that of the plaintiff in other types of civil proceedings. And in a typical action, if there is no counterclaim which would prevent the plaintiff from taking a voluntary dismissal, the plaintiff "may take a voluntary dismissal at any time prior to resting his or her case." B*randenburg Land Co. v. Champion International Corp.*, 107 N.C. App. 102, 103, 418 S.E.2d 526, 527 (1992).

We also accord deference to the trial court's certification there is no just reason for delay under Rule 54(b). The trial court certified there was no just reason for delay of this appeal and included in the order detailed findings of fact supporting its determination that an immediate appeal is proper. The trial court concluded:

> Given the uniqueness of the facts and applicable law in this case, the Court certifies that there is no just reason to delay an appeal of this matter. A trial would be a waste of the Court's time and resources at this point in time given this Order, and the prior Court of Appeals' mandate. Whereas, if [University] Financial is correct in its interpretation of the effect of its filing a voluntary dismissal, then a trial would be presented in a different manner.

"Initially, we note with approval that the trial court's order sets forth the basis upon which it determined there existed 'no just reason to delay,' thus facilitating appellate review." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 249, 507 S.E.2d 56, 61 (1998). Although we give great deference to the trial court's certification, we still must consider the propriety of the trial court's certification. *See, e.g., Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277, 679 S.E.2d 512, 515 (2009) ("We generally accord great deference to a trial court's certification that there is no just reason to delay the appeal. However, such certification cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." (Citations and quotation marks omitted)). We agree with the trial court that this case presents an unusual procedural issue due to the prior appeal and competing filings of both parties on remand. In

addition, the underlying claim is the defendant's claim for just compensation, despite the fact that the plaintiff filed this action.

In condemnation actions, the statutes set forth specific procedures and rights of the parties, and some of these procedures are unique to condemnation cases. Had the trial court ruled in the opposite way and granted defendant's voluntary dismissal, this matter would have been completely resolved. As the landowner, defendant has a substantial right to accept the deposit of just compensation plaintiff made pursuant to N.C. Gen. Stat. § 136-105 and to avoid a jury trial to determine just compensation, and this right will be lost unless we consider defendant's appeal of the trial court's order. Accordingly, we will address the issues raised in this interlocutory order.

III.    Voluntary Dismissal

The trial court's order concluded that defendant's voluntary dismissal "had no effect to end this case[.]" Defendant argues that the filing of a notice of voluntary dismissal by a defendant in a condemnation case abandons any claims for a greater recovery and serves as an admission that the deposit tendered is just compensation.

Under Rule 41(a) of the Rules of Civil Procedure, it is well established that if a plaintiff takes a voluntary dismissal of a claim, it strips the trial court of its authority to enter further orders in the case, other than orders taxing costs or attorney fees. *See Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 593, 528 S.E.2d 568, 570 (2000). A voluntary dismissal leaves the plaintiff exactly where he

or she was before the action was commenced. *Id.* A plaintiff may take a voluntary dismissal at any time before he rests the case, even if the defendant has motions pending, as long as there is no counterclaim. *See Carter v. Carter*, 102 N.C. App. 440, 445, 402 S.E.2d 469, 471 (1991) ("If there is no counterclaim pending at the time the plaintiff desires to enter a voluntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1) or if there is a counterclaim and that counterclaim is independent and does not arise out of the same transaction as the complaint, a party may voluntarily dismiss his suit without the opposing party's consent by filing a notice of dismissal." (Citation and quotation marks omitted)).

But in civil proceedings other than condemnation, the plaintiff is the party who brought the claim, not the defendant. Condemnation proceedings differ from other types of cases due to the detailed statutes giving authority to take property for a public purpose:

> Article 9 sets forth the procedure for acquiring land by condemnation. These proceedings commence when DOT files a complaint and declaration of taking accompanied by a deposit of the estimated just compensation in the superior court in the county where the land is located. DOT must include in its complaint, inter alia, a prayer for determination of just compensation. Upon filing and deposit, title to the land vests in DOT. The right to just compensation vests in the landowner, who may apply to the court for disbursement of the deposit, file an answer requesting a determination of just compensation, or both.
>
> The statutes provide that just compensation

> includes damages for the taking of property rights plus interest on the amount by which the damages exceed DOT's deposit.

*Department of Transp. v. M.M. Fowler, Inc.*, 361 N.C. 1, 5, 637 S.E.2d 885, 889 (2006) (citation omitted).

The condemnor's only "claim" in a condemnation action is to acquire title to the real property. When the condemner files the condemnation action, notice of taking, and deposit, title to the land immediately vests in the condemnor. N.C. Gen. Stat. § 136-104 (2017). The plaintiff-condemner need not take any other action to accomplish the purpose of its claim, which is to take the land for a public use. *Id.* At this point, only the defendant-landowner has the option of causing the case to become a dispute over the proper amount of just compensation, and the defendant-landowner must file an answer to bring this "claim" for additional compensation. N.C. Gen. Stat. § 136-106 (2017). The defendant in a condemnation proceeding -- the property owner -- is in the position of the plaintiff in other types of civil claims. The defendant is the only party who has a right to file a claim, by way of the answer, for additional compensation in addition to the deposit. *See id.* At trial, the defendant-landowner, not the plaintiff, must prove that it is entitled to compensation of a particular amount; the amount of the deposit is not admissible evidence of just compensation. *See, e.g., Board of Transportation v. Brown,* 34 N.C. App. 266, 269, 237 S.E.2d 854, 856 (1977) ("The landowner who has a part of his tract taken has the burden of proving by

competent evidence this relationship, that is, how the use of the land taken results in damage to the remainder."), *aff'd per curiam*, 296 N.C. 250, 249 S.E.2d 803 (1978).

Chapter 136 does not expressly address the effect of the filing of a voluntary dismissal, but it does recognize the need to reconcile the procedures for condemnation with the Rules of Civil Procedure to accomplish the stated intent to make "the practice in [actions under Chapter 136] . . . conform as near as may be to the practice in other civil actions in said courts." N.C. Gen. Stat. § 136-114 (2017). North Carolina General Statutes Chapter 136, Article 9, sets forth detailed pleading requirements and procedures unique to condemnation actions. The Rules of Civil Procedure apply to condemnation cases, but where Article 9 makes specific provisions for the "mode or manner" of the action, the specific provisions of Article 9 are controlling:

> In all cases of procedure under this Article where the mode or manner of conducting the action is not expressly provided for in this Article or by the statute governing civil procedure or where said civil procedure statutes are inapplicable the judge before whom such proceeding may be pending shall have the power to make all the necessary orders and rules of procedure necessary to carry into effect the object and intent of this Chapter and the practice in such cases shall conform as near as may be to the practice in other civil actions in said courts.

N.C. Gen. Stat. § 136-114.

We are required to address the effect of a Rule 41(a) dismissal in a way which make the practice in a condemnation case "conform as near as may be to the practice

in other civil actions in said courts." *Id.* Only one published[1] case has addressed the effect of a voluntary dismissal by a defendant-landowner in a condemnation case, and that case is somewhat confusing, since it said that the dismissal had no effect because defendants cannot take voluntary dismissals, but then the Court held that the attempted dismissal had the effect of a voluntary dismissal under Rule 41 and ended the case entirely. *See generally Dept. of Transportation v. Combs*, 71 N.C. App. 372, 322 S.E.2d 602 (1984). In *Combs*, a condemnation case, the defendant filed a voluntary dismissal without prejudice under Rule 41 of the North Carolina Rules of Civil Procedure the morning the matter was set to go to trial, apparently because the defendant was not prepared to proceed. *Id.* at 373-74, 322 S.E.2d at 603. This Court acknowledged the "unusual and novel procedure" of a defendant filing a voluntary dismissal, *id.* at 373, 322 S.E.2d at 603, but concluded:

> Our research has failed to disclose any rule, statute, or case which grants a defendant the right to take a voluntary dismissal, whether with or without prejudice, unless the party-defendant taking the dismissal has a pleading which contains a counterclaim, crossclaim, or third party claim. Since the rules contain no provision which would permit a defendant to take the action done in this case by Attorney Smith, and since ordinarily such action would be held a nullity, we are constrained to hold that the filing of the voluntary dismissal by Attorney Smith

---

[1] There is also one unpublished case, *Department of Transp. v. Ashcroft Development*, LLC, __ N.C. App. __, 788 S.E.2d 684 (2016) (COA 15-1080) (unpublished), which addresses a voluntary dismissal by a defendant in a condemnation proceeding. While, under Rule 30 of the Rules of Appellate Procedure, "[a]n unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority[,]" N.C. R. App. P. Rule 30(e)(3), we note this decision because it addressed the same issue and came to the same conclusion as we do in this case.

> constituted an abandonment of the case by the defendants and also constituted an acknowledgment of satisfaction with the amount of the deposit as being full and just compensation for the quantity of property taken for the project[.]"

*Id.* at 375, 322 S.E.2d at 604 (citation and quotation marks omitted) (emphasis added). Thus, although it was not the defendant's intent in *Combs* for the dismissal to serve as an complete abandonment of his claim and acceptance of the deposit as just compensation, that is the effect the Court gave to the dismissal. *Id.* The *Combs* Court did not refuse to recognize the voluntary dismissal as having any effect; if it had, the claim would not have been concluded and the defendant-landowner could have proceeded to a jury trial after the appeal.

In other types of civil proceedings, a plaintiff would have a right to re-file an action once after taking a voluntary dismissal under Rule 41(a). Because the landowner-defendant who had filed the dismissal was the appellant, challenging the entry of judgment for the amount of the deposit on appeal, the *Combs* Court was essentially holding that the defendant-landowner could not take advantage of this benefit of Rule 41 since the defendant was not the party who filed the action. *Id.* This distinction makes sense in the context of condemnation, since title to the land has already vested in the condemnor-plaintiff, and the defendant-landowner's dismissal has no effect upon the ownership of the land. The only claim in dispute (once any issues under N.C. Gen. Stat. § 136-108 have been resolved) is just

compensation, and only the defendant-landowner can assert that claim, by way of answer. Voluntary dismissal of a claim ends the case. *See Doe v. Duke University*, 118 N.C. App. 406, 408, 455 S.E.2d 470, 471 (1995) ("Once a party voluntarily dismisses her action pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990), it is as if the suit had never been filed, and the dismissal carries down with it previous rulings and orders in the case." (Citations, quotation marks, and brackets omitted)).

N.C. Gen. Stat. § 136-107 provides:

> Failure to answer [12 months from service of complaint] shall constitute an admission that the amount deposited is just compensation and shall be waiver of any further proceeding to determine just compensation; in such event the judge *shall enter final judgment in the amount deposited* and order disbursement of the money deposited to the owner.

(Emphasis added). If a voluntary dismissal has the effect of making the case as though a suit was never filed -- or in this case, an answer was never filed -- then under N.C. Gen. Stat. § 136-107 the dismissal must be treated as an admission by defendant that the amount deposited is just compensation for the taking. *Id.* This result is consistent with the effect the *Combs* Court gave to the defendant-landowner's dismissal. *See Combs*, 71 N.C. App. at 376, 322 S.E.2d at 605. After the defendant-landowner files a voluntary dismissal, the trial court must "enter final judgment in the amount deposited[.]" N.C. Gen. Stat. § 136-107. The statute specifically requires

entry of the judgment in the amount *deposited*— not the amount alleged in the complaint. *See id.*

Plaintiff claims this Court previously determined that defendant "is not entitled to compensation for the loss of visibility from University Financial's remaining property that would result from the Bridge" and argues that the trial court's order granting the motion to amend plaintiff's complaint was simply following the mandate this Court set out in its first opinion. The trial court's order also concluded this result was dictated by the prior opinion. But this Court's prior opinion resulted from plaintiff's request for a hearing under N.C. Gen. Stat. § 136-108 to resolve a specific issue of the extent of the compensable taking. *University Financial I*, __ N.C. App. at __, 784 S.E.2d at 589-90. This Court's opinion concluded only that the trial court "erred in ruling that University Financial is entitled to present evidence concerning all damages resulting from the impact of the construction of the BLE Project, including construction of the Bridge, on its remaining property during the trial on just compensation." *Id.* at __, 784 S.E.2d at 594 (quotation marks omitted). We did not consider how plaintiff determined its alleged value or deposit; we addressed only the area or interest taken as required in a hearing under N.C. Gen. Stat. § 136-108. *University Financial I*, __ N.C. App. at __, 784 S.E.2d at 590. And this Court could not anticipate how the parties would proceed on remand, nor could we address any issue which might arise later. After remand, both parties were free

to file motions and proceed as they wished; this Court's ruling did not dictate any particular result in those future proceedings regarding the amount of just compensation.

This analysis reconciles the rights and procedures established under Chapter 136 with the usual effect of voluntary dismissals under Rule 41. If the defendant-landowner is deprived of the option of taking a voluntary dismissal under Rule 41, condemnors would have the ability to force a property owner to proceed to a jury trial on just compensation if the landowner has filed an answer with this request. If we were to rule as plaintiff urges, a defendant-landowner would not have the right to take a voluntary dismissal to end the case, even if he is satisfied with the deposit and does not wish to proceed to trial. This is inconsistent with N.C. Gen. Stat. §§ 136-105 and 136-107, since the condemnor does not have a right to a trial on just compensation; that right belongs to the landowner. In deciding whether to accept a deposit, the landowner must consider the costs of a trial, such as appraisal fees, expert witness fees, attorney fees, as well as the potential gain or loss from a trial. The condemner has already taken the land upon filing of the declaration of taking, and the landowner has a right to the deposit which cannot be lost unless it is required to refund a portion after a final judgment for an amount less than the deposit, under N.C. Gen. Stat. § 136-121 (2017). The property owner may decide whether to accept the deposit amount as just compensation, under N.C. Gen. Stat. § 136-105, and do

nothing, or file an answer under N.C. Gen. Stat. § 136-106 and proceed to trial to allow a jury to determine just compensation, or file a voluntary dismissal of the claim for determination of just compensation at any time before resting its case.

The fact that plaintiff filed its motion to amend first does not change the result. It is well-established that if there is no counterclaim, the plaintiff -- here the landowner -- may take a voluntary dismissal under Rule 41(a) at any time until it rests its case. *See, e.g., Williams v. Poland*, 154 N.C. App. 709, 712, 573 S.E.2d 320, 232 (2002) ("Defendants contend that their assertion of a Rule 12(b)(6) motion constitutes a ground for affirmative relief that prevents plaintiff from entering a voluntary dismissal without prejudice. We disagree. A request for affirmative relief has been defined by this Court as relief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it. Here, the Rule (12)(b)(6) motion to dismiss by defendants cannot survive independently without the plaintiff's underlying claim. Therefore, the Rule 12(b)(6) motion to dismiss is not a request for affirmative relief that cancel's plaintiff's ability to voluntarily dismiss her case without prejudice."). We therefore hold that the trial court had no authority to rule on plaintiff's motion to amend the complaint after defendant filed its voluntary dismissal under Rule 41(a). The voluntary dismissal ended the only pending claim, which was the defendant's claim for determination of just compensation. The

dismissal put defendant in the same position as if it had never filed an answer and instead accepted the deposit as just compensation for the taking.

We conclude that a defendant does have the right to take a voluntary dismissal of its claim for determination of just compensation, as this result is consistent with the practice under Rule 41(a) and in compliance with N.C. Gen. Stat. §§ 136-105 and 136-107.

But one additional twist in this case is that the plaintiff also moved to amend the deposit. Deposits do not exist in other civil proceedings, so we must consider if Chapter 136 could allow amendment of the deposit despite the filing of the voluntary dismissal.

The statute is quite clear that although a complaint or declaration of taking may be amended, a deposit may only be *increased*, not reduced. N.C. Gen. Stat. § §136-103(d) provides as follows:

> (d) The filing of said complaint and said declaration of taking shall be accompanied by the deposit of the sum of money estimated by said Department of Transportation to be just compensation for said taking and upon the filing of said complaint and said declaration of taking and deposit of said sum, summons shall be issued and together with a copy of said complaint and said declaration of taking and notice of the deposit be served upon the person named therein in the manner now provided for the service of process in civil actions. *The Department of Transportation may amend the complaint and declaration of taking and may increase the amount of its deposit with the court at any time while the proceeding is pending, and the owner shall have the same rights of withdrawal of this additional*

*amount as set forth in G.S. 136-105 of this Chapter.*

(Emphasis added).

Although amendment of a complaint is allowed more freely under North Carolina Rules of Civil Procedure 15(a), N.C. Gen. Stat. § 136-103 sets forth specific provisions for amendment in condemnation actions. *See* N.C. R. Civ. P. 15(a); N.C. Gen. Stat. § 136-103. Therefore, we must consider whether plaintiff's motion to decrease the deposit could be allowed under N.C. Gen. Stat. § 136-103, even if the defendant has filed a notice of voluntary dismissal. This is a question of statutory interpretation which we review *de novo*.

> Questions of statutory interpretation are ultimately questions of law for the courts and are reviewed de novo. The principal goal of statutory construction is to accomplish the legislative intent. The best indicia of that intent are the language of the statute, the spirit of the act and what the act seeks to accomplish. The process of construing a statutory provision must begin with an examination of the relevant statutory language. It is well settled that where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning. In other words, if the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning.

*Wilkie v. City of Boiling Spring Lakes*, __ N.C. __, __, 809 S.E.2d 853, 858 (2018) (citations, quotation marks, ellipses, and brackets omitted).

N.C. Gen. Stat. § 136-103(d) allows the condemnor to do two things:  (1) "amend the complaint and declaration of taking;" and (2) "increase the amount of its deposit with the court at any time while the proceeding is pending. . . ."  The complaint and the deposit are two different things, and they are treated differently.

The language in the statute is clear -- the condemnor may amend its complaint and notice of taking and may increase the deposit, but it may not amend a deposit to *decrease* the amount.  We cannot read the word "increase" to mean "change" since a change could include a "decrease."  Increase is the opposite of decrease.  We construe the statute using its plain meaning.  *See Wilkie*, __ N.C. at __, 809 S.E.2d at 858.  And the statute plainly allows the condemnor only to increase its deposit "at any time while the proceeding is pending[.]"  *See* N.C. Gen. Stat. § 136-103(d).  In addition, the next phrase gives the landowner "the same rights of withdrawal of this additional amount" as it had for the initial deposit.  *Id*.  The statute contemplates only an increase in the deposit and provides for the landowner to withdraw the *additional* amount.  *Id*.  There is no provision for a decrease in the deposit while the action is pending.  And as discussed above, the action is no longer "pending" after defendant's filing of a voluntary dismissal under Rule 41(a).  Thus, the existence of a deposit does not change the result under Rule 41(a) in this case.  Even if we assume that a deposit could be increased after a landowner takes a voluntary dismissal -- although we cannot imagine why that would ever happen -- the statute does not allow an

amendment to decrease the deposit at all, so plaintiff's motion here to decrease the deposit does not change our analysis of the Rule 41(a) dismissal issue.

Plaintiff contends that "the General Statutes contemplate that some of the deposit may need to be refunded by the property owner." Plaintiff cites to N.C. Gen. Stat. § 136-121, which is the only statute on condemnation that addresses a refund of any portion of the deposit by a landowner, but this statute applies only after final judgment has been entered for a sum less than the deposit. *See* N.C. Gen. Stat. § 136-121 ("In the event the amount of the final judgment is less than the amount deposited by the Department of Transportation pursuant to the provisions of this Article, the Department of Transportation shall be entitled to recover the excess of the amount of the deposit over the amount of the final judgment and court costs incident thereto[.]"). This statute does not grant the condemnor the ability to decrease the deposit or to force a landowner to proceed to trial, but entitles it to reimbursement only after entry of final judgment for a lesser amount, normally after a property owner elects to proceed to trial instead of accepting the deposit amount as just compensation and a jury determines an amount of damages for just compensation less than that which was deposited. *Id.*

The amount of the deposit is not competent evidence during a jury trial, so the jury never sees that number in making its determination of just compensation. *See* N.C. Gen. Stat. § 136-109(d) (2017) ("The report of commissioners shall not be

competent as evidence upon the trial of the issue of damages in the superior court, nor shall evidence of the deposit by the Department of Transportation into the court be competent upon the trial of the issue of damages." (Emphasis added)). Chapter 136 of the North Carolina General Statutes specifically requires a trial judge to enter judgment in the amount of the deposit when a condemnation defendant -- the landowner -- does not file an answer contesting the deposit amount. *See* N.C. Gen. Stat. § 136-107 ("Any person named in and served with a complaint and declaration of taking shall have 12 months from the date of service thereof to file answer. Failure to answer within said time shall constitute an admission that the amount deposited is just compensation and shall be a waiver of any further proceeding to determine just compensation; in such event the judge shall enter final judgment in the amount deposited and order disbursement of the money deposited to the owner." (Emphasis added)).

Here, defendant's voluntary dismissal ended the case, and the trial court had no authority to rule on plaintiff's pending motion to amend. We need not address the trial court's ruling on the motion to amend any further, since it had no authority to rule on that motion. Once the dispute as to determination of just compensation ended with the dismissal, the trial court must enter final judgment "in the amount deposited. . . ." N.C. Gen. Stat. § 136-107. We therefore reverse the trial court's order and remand for entry of a final judgment in accord with N.C. Gen. Stat. § 136-107.

Conclusion

The trial court's order is reversed, and this matter is remanded to the trial court for entry of a final judgment.

REVERSED AND REMANDED.

Judges MURPHY and ARROWOOD concur.